JAMES DAILY BRIGGS, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

463 S.W.2d 161.

Court of Criminal Appeals of Tennessee. Jan. 5, 1970.

Certiorari Denied by Supreme Court May 4, 1970.

Certiorari Denied Jan. 11, 1971. See 91 S.Ct. 473.

472 

Raymond M. Briggs and Ross F. Houpt, Memphis, for plaintiff in error.

David M. Pack, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville; Phil M. Canale, Jr., Dist. Atty. Gen., Terry L. Lafferty, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

## OPINION

HYDER, Judge.

James Daily Briggs was convicted of embezzlement of more than one hundred dollars, and he was sentenced to three years in the penitentiary. His motion for new trial was overruled and he has appealed to this Court. He has been represented by employed counsel throughout the proceedings.

The defendant was employed by the City of Memphis to take the money from parking meters or coin boxes of a City parking lot in Memphis. The money was counted and turned in to the city treasury. When a shortage was suspected a police investigation was made, and the boxes were unlocked by officers at about six o'clock in the morning, the money counted, and the boxes were then kept under constant surveillance until the defendant opened them during his routine work when he removed the money. He failed to turn in all of the money which had been found to be in the boxes, and the charge of embezzlement followed.

When the defendant was arrested he admitted to the police that he had been taking money from the boxes for a long time and using it for his own purposes, spending part of it on slot machines in Mississippi.

The first four assignments of error complain that there is no evidence to sustain the verdict of the jury; that the verdict is contrary to the law and the evidence and that the evidence preponderates against the verdict and in favor of defendant's innocence.

A reading of this record by a person with an

unbiased mind does not lead one to believe that there is any merit whatever to the contention that the evidence preponderates against the verdict of guilty. On the contrary there is ample evidence of guilt, accompanied by the defendant's admission, which we will discuss later. It is well established in this State that a verdict of guilt in a criminal case, approved by the trial judge, accredits the testimony of the State's witnesses, resolves all conflicts in the testimony in favor of the State, and establishes the State's theory of the case. The presumption of innocence disappears, and upon appeal that presumption of innocence is replaced by a presumption of guilt. This Court will not reverse a conviction upon the facts unless the evidence clearly preponderates against the verdict of the jury in favor of the innocence of the accused, and the defendant on appeal has the burden of showing that the evidence does preponderate against the verdict and in favor of his innocence. McBee v. State, 213 Tenn. 15, 372 S.W.2d 173; Brown v. State, Tenn.Cr.App., 441 S.W.2d 485.

The defendant testified at the trial and denied that he had taken any money wrongfully from the boxes. He also introduced other evidence to show that other people had an opportunity to take money from the boxes. He stated that the officers did not advise him of his legal and constitutional rights; and he further said that he did not give them any statement.

The jury and the trial judge saw the witnesses face to face, observed their demeanor and heard them testify. They were in a much better position to determine the weight to be given to their testimony than we are from reviewing the record. Carroll v. State, 212 Tenn. 464,

370 S.W.2d 523. These assignments of error challenging the sufficiency of the evidence are overruled.

█ Charles B. Dobbs, Assistant City Engineer, signed three warrants charging the defendant with criminal offenses. The indictment lists Lt. J. P. Tally as the Prosecutor. At the trial of the case one official of the City of Memphis testified that Mr. Dobbs was ill and unable to be present. The defendant cites as error the fact that he was denied the right to cross examine Mr. Dobbs. He says, in his fifth assignment of error, that this violates his rights under the Tennessee and United States Constitutions.

Certainly an accused has the right to meet the witnesses face to face, guaranteed by both the United States Constitution in the Sixth Amendment and by the Tennessee Constitution in Article 1, Section 9. He was faced by the prosecutor, Lt. Tally, and by the other witnesses of the State. The absence of Mr. Dobbs, which was explained, without showing some prejudice, was not a violation of the defendant's constitutional rights, and it is not error.

█ In this same assignment of error the defendant charges that after his arrest he was not shown an arrest warrant, he was questioned on the way to the police station, he was threatened with physical violence, he was refused medical treatment for his diabetes, he was refused food, and that he was not advised of his constitutional rights. The defendant, in his brief and argument, does not contend that any of these alleged irregularities or wrongs resulted in any prejudice to him, and we do not find that he was prejudiced thereby. There is no merit to the complaints.

City Treasurer John E. Lee testified during the trial that one employee had formerly taken rare coins out of the money collected, replacing the amount of money taken. He said that after defendant's arrest this practice stopped. Defendant cites this as his sixth assignment of error without showing the error complained of. We assume that he points this out to show that the money alleged to have been taken by the defendant could have been rare coins and taken by the other employee. In any event, this is part of the evidence which we have discussed under the first four assignments of error, and the defendant has failed to show that the evidence preponderates against his guilt.

John P. Tally, Lieutenant of Police, testified that he advised the defendant of his legal and constitutional rights and questioned him about the taking of money from the coin boxes and using it for his own purposes. He stated that the defendant made an inculpatory statement to him and that he reduced the statement to written narrative form. The warning given by Lt. Tally was not challenged by counsel for defendant nor was the confession objected to; except counsel did except to the written summary made by the officer on the theory that it was a self serving statement made by the policeman. The trial judge allowed the officer to testify regarding the defendant's confession, but the officer was permitted to use the written statement only to refresh his memory. Then, at the conclusion of the testimony by Lt. Tally, at the request of the prosecutor, the trial judge allowed the police report and pictures to be passed to the jury for their examination. Counsel for the defendant did not pose an objection to this procedure. The defendant

now cites as error the ruling of the trial judge in permitting Lt. Tally to testify concerning the confession given by defendant. He states, in his seventh assignment of error, that Lt. Tally did not write down the statement until some time after talking to defendant and that to introduce the statement violates his constitutional rights and circumvents recent rulings of the United States Supreme Court.

Lt. Tally testified that he arrested the defendant after obtaining three warrants for his arrest. He testified that he showed the defendant the warrant of arrest and later advised him of his constitutional rights. He related those rights as told to the defendant to the trial court and jury and stated that the defendant replied to him that he would be glad to talk to the officers. No complaint was made then as to the arrest or the warnings given by Lt. Tally. For this reason the trial court was not called upon to determine the voluntariness of the confession. It was not challenged as being involuntary.

If a defendant freely and voluntarily confesses to a crime without inducement, coercion or fear, after having been advised of his constitutional rights, certainly he has not been fundamentally prejudiced. By voluntarily making a statement he has waived his right to counsel and to remain silent. Monts v. State, 218 Tenn. 31, 400 S.W.2d 722. We are of the opinion that no error was committed in the procedure followed in the trial court in permitting the confession to be introduced. We also find that the defendant gave the statement voluntarily after being advised properly of his rights, and that he understandingly waived his rights to remain silent and to counsel. There is no merit in this assignment of error.

Defendant complains that it was error to permit the Assistant District Attorney General to argue that the defendant took the money by scheme or device when he was not charged with that offense. He further contends that it was error to allow him to argue to the jury that it was their money that the defendant had stolen. It is contended that this argument prejudiced the jury against the defendant.

It is not error for the prosecuting attorney to argue what is warranted from the facts and circumstances of the case. Smith v. State, 205 Tenn. 502, 327 S.W.2d 308. And when the argument is complained of the general test to be applied is whether the improper conduct could have affected the verdict to the prejudice of the defendant. Harrington v. State, 215 Tenn. 338, 385 S.W.2d 758. We do not find that the argument complained of was improper, and we are confident that it could not have affected the verdict of the jury in view of the overwhelming evidence of guilt.

The eleventh and twelfth assignments of error complain of the charge given to the jury. Defendant says that the trial judge's charge was repetitious; that he refused to charge the special request on circumstantial evidence; and that the charge sounded like a directive from the court to find the defendant guilty.

The indictment in this case is in three counts: embezzlement; fraudulent breach of trust; and larceny. It required lengthy instructions to the jury. We have read the charge of the court and find it to be correct, full and accurate. It contained the instructions on the subject of circumstantial evidence as laid down many years ago

in Lancaster v. State, 91 Tenn. 267, 18 S.W. 777. We do not find that the charge repeats unnecessarily nor does it sound like a directive to the jury to find the defendant guilty. We overrule the assignments of error as to the court's charge of the jury.

In his last assignment of error the defendant incorporates several of the complaints contained in previous assignments. He also contends that he should have been permitted to show, by the defendant's testimony, that he had a record of service in the Armed Services and was injured in such service. He said that the State objected to this testimony and the trial judge sustained the objection. We do not find that this was error.

We have reviewed carefully all of the complaints in this last assignment, as well as all of the other assignments of error, and we have read and studied this record. We find no error, and therefore, we affirm the judgment.

RUSSELL and MITCHELL, JJ., concur.