**STATE of Tennessee, Appellee,**

v.

**Alfreddie WARR, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

April 3, 1980.

Permission to Appeal Denied by Supreme Court Aug. 4, 1980.

Marvin J. Brode, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen., Charles L. Lewis, Asst. Atty. Gen., Nashville, James J. Challen, III, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

DWYER, Judge.

This is an appeal as of right from a conviction for violating T.C.A. § 39–4921, convicted felon carrying a firearm, and punishment of confinement for not less than two nor more than five years. The appellant and John Anderson, a co–defendant at the consolidated trial, were each acquitted of the offense of receiving and concealing stolen property. Anderson was found guilty of carrying a pistol and the jury fixed his punishment at a fine of $125 and 30 days imprisonment. His appeal is not before this court.

The appellant raises these issues: whether the verdict of the jury is contrary to the facts of the case, whether the trial court erred in admitting, over objection, testimony by the co–defendant which incriminated the appellant, whether the facts and the law were contrary to the jury's verdict in that the defendant's constructive possession of the pistol was not established, and whether the initial verdict returned by the jury which improperly included punishment prevented enhancement of that punishment in the bifurcated portion of the trial.

At about 10:00 P.M. on October 18, 1978, Michael Sciara, manager of the Dandy Mart Food Store located at 5281 Knight Arnold Road, noticed the appellant and Anderson in a Volkswagen Rabbit (owned by Anderson) parked beside his store. Anderson and the appellant came into the store where

they browsed around, then returned to the car without buying anything. Sciara's suspicion was aroused, and he kept his eye on the automobile and saw it back behind a fence west of his store. Mr. Sciara became alarmed and called his father, the owner of the store, who called the police.

When the police responded to the suspicious person call, they noticed the yellow Volkswagen in the shadows beside the store and parked their squad car directly in front of that car. The officers said that Anderson, who was sitting in the driver's seat, stepped out of the Volkswagen and walked over to the police car. One of the policemen then ordered the appellant out of the Volkswagen. The appellant, who was wearing two shirts and two pairs of pants, approached the police car, and the officers started questioning both men. One officer went to the Volkswagen, the doors to which were standing open, and saw two pistols in plain view on the floorboard. One was near the center of the car and the other one was partially under the passenger seat where the appellant had been sitting. After the discovery of these two pistols the appellant and his companion were placed under arrest.

The officers confiscated the pistols and found them to be fully loaded. On the back seat of the Volkswagen the officers found a gorilla–type Halloween mask and a bulky overcoat. At police headquarters Anderson gave a written statement in which he said that the appellant had the two pistols with him when he got into the car that evening. The officers ran a check on the pistols and discovered that one of them had been stolen from Tommy Johnson, a resident of Memphis, in September, 1978.

The appellant did not testify and offered no proof. Anderson testified that he had no knowledge of the weapons. On cross–examination by the State he denied giving the statement in which he said that the appellant had the guns when he entered the car. Other evidence was offered by Anderson to show that he bought some gum and beer in the store and that he had been drinking beer and was sitting outside sober-

ing up before going home. Anderson also said that his car was flooded and would not start.

■ The appellant's attack on the evidence centers on the fact that the jury acquitted both Anderson and him of receiving and concealing stolen property, which charge was predicated on the evidence that one of the pistols found in the car was stolen. He argues that his and Anderson's acquittal on that charge precludes a finding that either had possession of the stolen weapon. The appellant seems to suggest that that acquittal means that there was only one pistol which they could possess and that since Anderson was convicted of carrying a pistol, the appellant could not also be convicted of the same offense. While we cannot readily understand the jury's verdict of not guilty on the receiving and concealing offense, that verdict cannot be construed as a bar to the appellant's conviction for carrying a pistol with the intent to go armed. The jury's decision not to convict on the stolen property charge inured to the appellant's benefit and has no bearing on his conviction for carrying a weapon.

■ The appellant further maintains that possession of the weapon was not established by the evidence. We disagree. Whether the appellant was in possession of the weapon found on the floor under the passenger seat which he had been occupying is a question of fact which has been resolved adversely to him by the jury. The evidence here clearly supports the jury's finding that the appellant had possession of the pistol. *See Peters v. State*, 521 S.W.2d 233 (Tenn.Crim.App.1974). The first and third issues are accordingly overruled.

■ The appellant argues in his second issue that he was denied the right to confront the witnesses against him when the attorney general read from Anderson's statement while Anderson was on the stand. There was no violation of the rule laid down in *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), since Anderson testified and the appellant was able to cross–examine him.

*Williams v. State,* 491 S.W.2d 862 (Tenn. Crim.App.1972). The appellant asserts, however, that Anderson's denial of making the statement in question effectively thwarted his cross–examination. A similar contention was dispatched by the United States Supreme Court in *Nelson v. O'Neil,* 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971):

> "We conclude that where a codefendant takes the stand in his own defense, denies making an alleged out–of–court statement implicating the defendant, and proceeds to testify favorably to the defendant concerning the underlying facts, the defendant has been denied no rights protected by the Sixth and Fourteenth Amendments." 402 U.S. at 629–630, 91 S.Ct. at 1727.

Accordingly, this issue is found to be without merit and is overruled.

 In his last issue the appellant complains that his punishment was enhanced after the jury returned its verdict. In charging the jury on the carrying a firearm count against the appellant, the trial court told the jury that they were to make a finding only as to guilt or innocence. The jury found the appellant guilty of carrying a pistol and, contrary to the court's instructions, assessed a penalty of a $125 fine and confinement for thirty days in the workhouse. The trial court then instructed the jury to go back to the jury room and reread the portion of the charge dealing with the carrying a firearm count and return a verdict in accordance therewith. The jury then returned a verdict as the court requested and found the appellant guilty as charged. The second count of the indictment charging the appellant with violating T.C.A. § 39–4921, convicted felon carrying a firearm, was then read to the jury. The appellant and the State by stipulation allowed into evidence a prior armed robbery conviction and twenty–year sentence against the appellant. The jury was instructed by the trial court in accordance with T.C.A. § 39–4921 and returned a verdict finding the appellant guilty of that offense and setting his punishment at confinement for not less than two nor more than five years.

The appellant contends that after the jury had found him guilty of carrying a pistol and set his punishment originally, it was improper under *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), for the trial court to charge the jury on T.C.A. § 39–4921 and allow them to impose a greater punishment. We reject this contention. The *North Carolina v. Pearce* case is not applicable here because the appellant was never sentenced under the first verdict returned by the jury. In fairness to the appellant, the only way the trial court could conduct the trial and conceal from the jury the appellant's prior conviction was to have a bifurcated proceeding. The last issue is overruled.

The judgment of the trial court is affirmed.

DAUGHTREY and CORNELIUS, JJ., concur.