STATE of Tennessee, Appellee,

v.

James EBERHARDT, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

April 15, 1983.

Rehearing Denied June 8, 1983.

Permission to Appeal Denied by Supreme Court Oct. 11, 1983.

4. T.C.A. § 20–10–102.

William M. Leech, Jr., Atty. Gen., J. Andrew Hoyal, II, Asst. Atty. Gen., Nashville, Peter Strianse, Asst. Dist. Atty. Gen., Chattanooga, for appellee.

William B. Mitchell Carter, Chattanooga, for appellant.

## OPINION

CORNELIUS, Judge.

James Eberhardt was indicted by the Hamilton County Grand Jury for third degree burglary, grand larceny, and felonious possession of burglary tools. After a trial by jury, Eberhardt was acquitted on the charge of felonious possession of burglary tools but was convicted of third degree burglary and grand larceny. He was sentenced to serve concurrent prison terms of not less nor more than three (3) years on each conviction.

Three of the issues raised by Eberhardt on appeal challenge the sufficiency of the evidence. We, therefore, summarize the trial testimony and examine it in light

of well-established principles. A jury verdict of guilty, approved by the trial judge, accredits the testimony of the State's witnesses and resolves all conflicts in favor of the theory of the State. *State v. Hatchett,* 560 S.W.2d 627, 630 (Tenn.1978). On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable and legitimate inferences therefrom. *State v. Cabbage,* 571 S.W.2d 832, 835 (Tenn.1978).

Officer Janice Atkinson of the Chattanooga Police Department testified that she responded to a silent burglar alarm at the ABC Electric Company at 5:20 a.m. on February 11, 1982. When she arrived on the scene, she observed appellant and another man slump down in a gray Pontiac parked by the business. She took custody of the individuals and placed them in her patrol car.

Wire snippers and a pair of brown gloves were found on the back seat of the gray Pontiac in which appellant had been sitting. Eberhardt claimed, however, that he was in the vicinity only to borrow money from friends who lived near the ABC Electric Company.

Officer Atkinson received information from other officers at the scene that a third person had been observed inside the fenced area behind the ABC building. When a security official of the company arrived and opened the gate, Officer Atkinson entered the enclosed yard and arrested co-defendant Michael Fears who was hiding behind equipment stored on the lot.

Inside the lot, police officers found an ABC panel truck had been forcibly entered. The left front vent window of the truck had been smashed and an electric hammer and a band saw had been removed from the truck and placed on the ground. A tire tool was also found on the ground near the vandalized vehicle.

William Edward London, the president of ABC Electric Company, testified that he had locked and secured the panel trucks and the gate before leaving work on February 10, 1982. He stated further that the band saw and electric hammer found on the ground were each worth two to three hundred dollars ($200.00–$300.00).

Co-defendant Fears testified and denied he had committed any crime other than trespass. He also denied he had asked Officer Atkinson, "What about the other two ... [t]he other two dudes that were in a gray car?" Fears stated Atkinson had addressed the inquiry to him and his reply had been "What guys? I don't know no guys out front." He also claimed that Eberhardt was not one of the men who had driven him to the area.

Appellant called his brother, Gregory Eugene Billups, to the stand in his defense. Billups testified that he had let appellant borrow his 1976 Pontiac Grand Prix on February 10, 1982. He identified the wire cutters found in the car as his own property which he used as a part-time appliance repairman. Billups also stated that a family friend, Kenneth Joshua, lived two or three houses from the ABC Electric Company.

On rebuttal, Officer Atkinson testified that Michael Fears *had* spoken to her as he was being apprehended. According to Atkinson:

When I got Mr. Fears up and I advised him to place his hands on his head and come toward us. When he got even with us he asked me where the other two were. And I said, "What do you mean?" And he said "the other two dudes that were in a gray car."

The trial judge then instructed the jury that the rebuttal testimony of Officer Atkinson was admissible only on the issue of Michael Fears' credibility. The statement was to be considered, not for its truth or falsity, but as evidence that Fears may have made a prior inconsistent statement and, therefore, may not have been a credible witness.[1]

 On appeal, Eberhardt claims there was no evidence adduced at trial upon which to base a conviction for third degree burglary. We agree. Third degree burgla-

---

1. See the trial court's instructions to the jury at pages 52 and 53 of Vol. 2 of the Record.

ry is defined as "the breaking and entering into a business house, outhouse, or any other house of another, other than a dwelling house, with the intent to commit a felony." T.C.A. § 39–3–404(a), formerly T.C.A. § 39–904(a). With no evidence that Fears, Eberhardt, or anyone else, broke or entered into the "business *house*" of ABC Electric Company, we must reverse and dismiss appellant's conviction for third degree burglary. Entering the fenced area surrounding a business house is insufficient to bring the activity within the confines of T.C.A. § 39–3–404. A criminal statute must be construed strictly in favor of the defendant. *Key v. State,* 563 S.W.2d 184, 188 (Tenn. 1878); *State v. Williams,* 623 S.W.2d 121, 124 (Tenn.Cr.App.1981).

 Appellant also insists that the trial evidence does not establish his guilt of grand larceny. The principle is well settled in Tennessee law, however, that all persons who are present, aiding and abetting, or ready and consenting to aid and abet, in any criminal offense, shall be deemed principal offenders, and punished as such. T.C.A. § 39–1–303, formerly T.C.A. § 39–109. To be guilty of aiding and abetting, the defendant must not only be present but must either be aiding and abetting or be ready and consenting to aid and abet in commission of the offense. *Anglin v. State,* 553 S.W.2d 616, 619 (Tenn.Cr.App.1977).

 In this case, circumstantial evidence points the finger of guilt unerringly at the appellant. *See State v. Goodman,* 643 S.W.2d 375, 385 (Tenn.Cr.App.1982); *Hicks v. State,* 490 S.W.2d 174, 178 (Tenn. Cr.App.1972). The jury, as is its prerogative, chose to discredit defense testimony. Belief or disbelief of a witness is a matter for the jury. *Bolin v. State,* 219 Tenn. 4, 405 S.W.2d 768, 771 (1966). In addition, this Court has previously held that any effort by a defendant to conceal himself or flee from the vicinity of a crime is a circumstance from which guilt may be inferred. *Hall v. State,* 584 S.W.2d 819, 821 (Tenn.Cr. App.1979). The jury could properly perceive Eberhardt's act of slumping down in the car as an effort to avoid detection. *See*

*State v. James Cole and Steven Culps,* —— S.W.2d ——, Tenn.Cr.App., opinion filed at Jackson, April 8, 1982.

Appellant argues that the presence of the wirecutters and gloves in the car could not be considered as evidence in the grand larceny verdict because the jury had found him not guilty of possession of burglarious tools. The Tennessee Supreme Court has held, however, that consistency in verdicts for multiple count indictments is unnecessary as each count is a separate indictment. *Wiggins v. State,* 498 S.W.2d 92, 93–94 (Tenn.1973). In *Wiggins,* the Court cited with approval the following language from *Dunn v. United States,* 284 U.S. 390, 393, 52 S.Ct. 189, 190, 76 L.Ed. 356 (1932):

> The most that can be said in such cases is that the verdict shows that either in the acquittal or conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more than an assumption of a power which they had no right to exercise, but to which they were disposed through lenity.

*Wiggins v. State,* supra at 93.

Sufficient direct and circumstantial evidence was adduced at trial to enable a rational trier of fact to find appellant guilty of aiding and abetting grand larceny beyond a reasonable doubt. Rule 13(e), T.R. A.P.; *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 2786–2792, 61 L.Ed.2d 560 (1979). Eberhardt's challenges to the sufficiency of the evidence of grand larceny are without merit.

 In another issue, appellant contends his constitutional right to confront witnesses was violated when Officer Atkinson testified on rebuttal that co-defendant Fears had asked about "the other two dudes that were in a gray car." Fears had been previously cross-examined on the statement, however, had denied making such comments, and had offered an exculpatory version of the events leading to his arrest.

This issue is without merit. In *Nelson v. O'Neil,* 402 U.S. 622, 630–631, 91 S.Ct. 1723,

1727, 29 L.Ed.2d 222 (1971), the Supreme Court of the United States addressed a similar allegation of error and held:

> [W]here a co-defendant takes the stand in his own defense, denies making an alleged out-of-court statement implicating the defendant, and proceeds to testify favorably to the defendant concerning the underlying facts, the defendant has been denied no rights protected by the Sixth and Fourteenth Amendments.

*See also State v. Warr,* 604 S.W.2d 66, 69 (Tenn.Cr.App.1980). There is no basis for a departure from those holdings at this time.

■ Eberhardt also claims the rebuttal testimony of Officer Atkinson should have been admitted only on the issue of Fears' credibility. The trial judge did give the jury such a limiting instruction. This issue is meritless.

■ In a final issue, appellant submits the trial court erred in refusing to sustain an objection to the State's final argument that Eberhardt was one of "the other two dudes in a gray car." He maintains that such argument was improper and contrary to the evidence adduced in the case.

Appellant has failed to cite authority for the propositions in his argument. This issue has been waived. Rule 27(a)(7), T.R. A.P.; *State v. Scott,* 626 S.W.2d 25, 28 (Tenn.Cr.App.1981); *Rockett v. State,* 475 S.W.2d 561, 563 (Tenn.Cr.App.1971).

Appellant's conviction for grand larceny is affirmed. The conviction for third degree burglary is reversed and dismissed.

DWYER and SCOTT, JJ., concur.

