STATE of Tennessee, Appellant,

v.

Larry Mason LEACH, Appellee.

Court of Criminal Appeals of Tennessee, at Jackson.

Dec. 5, 1984.

Permission to Appeal Denied by Supreme Court March 4, 1985.

W.J. Michael Cody, Atty. Gen. & Reporter, Raymond S. Leathers, Asst. Atty. Gen., Nashville, Paul G. Summers, Dist. Atty. Gen., Somerville, for appellant.

Michael Whitaker, Covington, for appellee.

## OPINION

DWYER, Judge.

The State appeals the dismissal of an aggravated rape indictment returned by the Tipton County Grand Jury against appellant. *See* T.C.A. § 39-2-603.

The issue of the State: The trial court erred in dismissing the indictment. After a hearing, the trial court dismissed the indictment, holding that to try appellant on this charge would be double jeopardy. We are not in accord with the trial court and reverse his ruling with reinstatement of the indictment.

It suffices to state that the indictment came about from an alleged aggravated rape in Tipton County of a young girl appellant had abducted from Shelby County. The sordid details of the appellant's acts inflicted on the victim in Shelby County may be found in *State v. Larry Mason Leach*, Shelby County No. 164 (Tenn.Cr. App., Jackson, 1984), 684 S.W.2d 655.

When appellant fell asleep after allegedly raping her in Tipton County, the young girl obtained his pistol and shot him. He is a paraplegic as a result.

Appellant was convicted in Shelby County for aggravated rape, T.C.A. § 39-2-603, aggravated kidnapping, T.C.A. § 39-2-301, and a felony-firearm violation, T.C.A. § 39-6-1716, receiving two forty-year sentences for each of the first two offenses and three years on the firearm conviction, all sentences to be served consecutively. These convictions flowed from his abducting the young girl, raping and sexually abusing her in Shelby County on October 20, 1982. The Tipton indictment came about from alleged sexual abuse and rape of the victim later that day in Tipton County.

Appellant argues that since the facts of the Tipton County rape were introduced in the Shelby County trial, a trial and conviction in Tipton on the same facts would be constitutionally barred. He contends that evidence of the rape in Tipton County was permissibly used to enhance the kidnapping charge in the Shelby trial. But he urges that under Tenn.R.Crim.P. 18(b), with the kidnapping offense occurring in both counties, the evidence of the Tipton rape could be presented at trial in either county, but not in both. We disagree with appellant on his contentions.

■ Simply put, the introduction in the Shelby County trial of evidence of the rape in Tipton County did not place appellant in jeopardy of a conviction for that offense in his Shelby County trial. While it may be said this incident was an aggravating factor for the kidnapping conviction, that fact does not prohibit or bar his trial for the rape in Tipton County.

■ If appellant raped the victim in Shelby County and then raped her again in Tipton County, he committed separate rapes. *See Lillard v. State*, 528 S.W.2d 207, 210-11 (Tenn.Cr.App.1975). Accordingly, we reject his theory that this was one continuing episode or one transaction with resulting overtones of double jeopardy. The issue of the State is sustained. The judgment of the trial court is reversed with remand for trial on the rape indictment in Tipton County.

O'BRIEN and SCOTT, JJ., concur.