IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JULY 1997 SESSION

FILED

October 10, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9609-CR-00349 |
| | ) | |
| Appellee | ) | McMINN CRIMINAL |
| | ) | |
| v. | ) | HON. R. STEVEN BEBB, |
| | ) | JUDGE |
| TRELVOR BRADLEY, | ) | |
| | ) | |
| Defendant/Appellant | ) | |

FOR THE APPELLANT

Vance L. Baker, Jr.
114 Washington Ave.
P.O. Box 1085
Athens, TN 37371-1085

FOR THE APPELLEE

Charles W. Burson
Attorney General & Reporter

Marvin E. Clements, Jr.
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243-0493

OPINION FILED _____

AFFIRMED
JOHN K. BYERS
SENIOR JUDGE

**O P I N I O N**

The defendant was convicted by jury of attempted aggravated robbery and vandalism of less than $500. He was sentenced as a Range I, standard offender to six (6) years for the attempted aggravated robbery conviction to the custody of the Department of Correction. He was also sentenced to eleven (11) months and twenty-nine (29) days for the vandalism of less than $500 conviction to the custody of the McMinn County jail. The trial court ordered the defendant to serve both sentences concurrent with each other, but consecutive to a prior unserved sentence. The jury also imposed fines in the amount of $5,000 for the attempted aggravated robbery conviction and $1,500 for the vandalism of less than $500 conviction.

The defendant appeals these convictions, arguing (1) that the trial court erred in overruling his objection to Detective Matthews' testimony that the defendant's photograph was selected by the victim from a collection of photographs of black males who had been arrested and thus the trial court erred in failing to grant a mistrial, and (2) that the evidence is insufficient to sustain convictions of guilt beyond a reasonable doubt.

We affirm the judgments of the trial court.

The evidence presented by the State at trial consisted of the testimony of Detective Bill Matthews, who investigated the offenses in this case, and Ronnie Miller, who was the victim of the attempted robbery and vandalism.

Detective Matthews testified that he became involved in this case by interviewing the victim shortly after the attack on August 4, 1995. Detective Matthews had met the victim previously in connection with the 10th Judicial Drug Task Force for which the victim served as an undercover informant. Detective Matthews testified that the victim told him that four black males attempted to rob him at Clem Jones Apartments and that one of the black males, but not the defendant, hit him with a bean stick while the others kicked and punched him. Detective Matthews observed that the victim had been hit on the side of his face and on the bridge of his nose and that the victim's hand and forearm were swollen.

Detective Matthews testified that the victim was not able to identify anyone on the day of the attack but that the victim gave him descriptions of the four black males. Detective Matthews testified that he collected a group of photographs of approximately two hundred (200) black males and that the victim returned to the police station a few days after the attack to view the photographs. The victim picked two pictures from the group, positively identifying the individuals, one being the defendant, as two of the four black males who attacked him.

While testifying about the procedure used to have the victim identify the perpetrators, Detective Matthews stated that the photographs "ha[d] been collected at the police department through the years of different individuals that have been arrested or whatever, and a tray of pictures also of, we call them 'mug pictures.'" Defense counsel objected to Detective Matthews' "statement that they were pictures of individuals who had been arrested," but the trial judge overruled the objection. The defendant says the trial court erred in overruling his objection to Detective Matthews' testimony that the defendant's photograph was selected by the victim from a collection of photographs of black males who had been arrested and the trial court erred in failing to grant a mistrial by reason of the statement being made before the jury.

At the time defense counsel objected to Detective Matthews' testimony, he did not move to have the testimony stricken, nor did he request a curative instruction, nor did he move for a mistrial.[1] A motion for mistrial must be made contemporaneously with the objectionable testimony and failure to do so results in a waiver of the issue on appeal. *State v. Leach,* 684 S.W.2d 655, 658 (Tenn. Crim. App. 1984), *per. app. denied* (Tenn. 1985).

Even if the trial judge erred in failing to grant a mistrial because of Detective Matthews' testimony, we would hold that the error was harmless. The general rule is that a mistrial should be declared if there is manifest necessity warranting such action by the trial judge. *Arnold v. State,* 563 S.W.2d 792, 794 (Tenn. Crim. App.

---

[1] There is no evidence in the record that defense counsel ever made a Motion for a Mistrial, despite the allegation in the brief that defense counsel moved for a mistrial when he objected to Detective Matthews' testimony.

1977). In this case, Detective Matthews' statement was the only reference to prior arrests, and it did not specifically refer to a prior arrest of the defendant. Furthermore, it does not appear from the record that the State surreptitiously elicited testimony about a prior arrest of the defendant. Accordingly, Detective Matthews' testimony that the photographs were of black males who had been arrested did not amount to "manifest necessity," and the trial judge did not err in failing to grant a mistrial.

The victim testified that he was attacked by four black males at Clem Jones Apartments around three o'clock in the afternoon on August 4, 1995 while he was on personal business in the area. He identified the defendant as one of the perpetrators. The victim testified that he had worked as an undercover informant buying crack cocaine from people in and around the vicinity of the Clem Jones Apartments. While working in this capacity, the victim testified that he had seen the defendant in the area before, but he had never bought drugs from the defendant.

The victim testified that he saw the defendant at Clem Jones Apartments on the day of the attack. The victim explained that he was getting back in his car when he was approached by four black males. He described how one of the perpetrators, not the defendant, hit him on the right side of his head with a bean stick, knocking him to the ground. The victim testified that while he was on the ground and trying to get up, three of the perpetrators, including the defendant, punched him with their fists, kicked him in the chest and stomach, and tried to reach in his pocket to get his wallet. The victim stated that he finally got to his car and drove away, but not before one of the perpetrators kicked a dent in his car, causing $500 worth of damages.

The victim identified, both at the police station and at trial, the defendant as one of the perpetrators of the attempted robbery and vandalism. On cross-examination, the victim testified that the defendant was wearing a black Oakland Raiders hat at the time of the attack. The victim was never able to identify the black male who hit him with the bean stick.

The defendant presented an alibi defense to the jury. The defendant's proof at trial consisted of the testimony of Officer Steve Moore, Mae Hammons, who is his

mother, Paul Bradley, who is his brother, and Jackie McCusick, who is his girlfriend. Officer Moore testified that he responded to the call concerning the attack on August 4, 1995 and that he saw several black males running away from the scene when he arrived. Officer Moore testified that he could not identify any of these individuals and that he did not specifically see the defendant. Mae Hammons testified that the defendant, his brother, and his girlfriend went fishing on August 5, 1995. Both Paul Bradley and Jackie McCusick testified that they went fishing with the defendant on this date. Both Mae Hammons and Paul Bradley testified that the defendant was not wearing a hat on this date and that the defendant does not like to wear hats because they bother him.

The defendant challenges the sufficiency of the evidence to support the convictions for attempted aggravated robbery and vandalism of less than $500. When the sufficiency of the evidence is challenged, the standard of review is whether, after considering the evidence in the light most favorable to the State, any rational trier of fact could find the accused guilty of the crime beyond a reasonable doubt. *State v. Duncan,* 698 S.W.2d 63, 67 (Tenn. 1985), *cert. denied,* 475 U.S. 1031 (1986).

Furthermore, "a jury verdict approved by the trial judge accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the State's theory." *State v. Williams,* 657 S.W.2d 405, 410 (Tenn. 1983), *cert. denied,* 465 U.S. 1073 (1984); *State v. Grace,* 493 S.W.2d 474, 476 (Tenn. 1973). On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom. *State v. Cabbage,* 571 S.W.2d 832, 835 (Tenn. 1978).

A finding of guilt against the defendant removes the presumption of innocence and raises a presumption of guilt on appeal. *Grace,* 493 S.W.2d at 476. It is the defendant who must overcome this presumption of guilt and carry the burden of demonstrating that the evidence is insufficient. *Williams,* 657 S.W.2d at 410.

The evidence in this case is sufficient to support the verdict of the jury.

_____

John K. Byers, Senior Judge

CONCUR:

-6-

_____
David H. Welles, Judge


_____
Thomas T. Woodall, Judge