IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 11, 2003

## STATE OF TENNESSEE v. DANYELLE DEWAIN PARKER

**Appeal from the Criminal Court for Davidson County**
**No. 98-D-3077     Steve R. Dozier, Judge**

---

### No. M2002-01172-CCA-R3-PC - Filed April 30, 2003

---

The petitioner, Danyelle Dewain Parker, appeals the trial court's denial of post-conviction relief. The single issue presented for review is whether the petitioner was denied the effective assistance of counsel at trial. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Dwight E. Scott, Nashville, Tennessee, for the appellant, Danyelle Dewain Parker.

Paul G. Summers, Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General; and Angelita Dalton, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On September 28, 1999, the petitioner was convicted of aggravated burglary, aggravated assault, and kidnapping, for which he received an effective Range II sentence of 18 years. This court affirmed on direct appeal. State v. Danyelle Dewain Parker, No. M2000-00405-CCA-R3-CD (Tenn. Crim. App., at Nashville, Apr. 26, 2001). There was no application for permission to appeal to the supreme court.

The opinion on direct appeal includes a summary of the testimony. On the evening of August 3, 1998, the petitioner telephoned the victim, who was the mother of his twenty-month-old son, at her residence in violation of an order of protection which had been entered less than a month earlier. The victim answered but hung up and activated the call block feature on her telephone. Shortly thereafter, the petitioner arrived and kicked in the door of her apartment, breaking through a dead bolt lock, a chain lock, and a chair that the victim had propped against the exterior door. When the victim went to check on her younger son, the petitioner went into the kitchen and armed himself with

a kitchen knife. For the next 30 to 40 minutes, the petitioner cursed the victim and, at one point, held the knife against her neck, threatening to cut her throat.

During that time, Sandra Easley, a neighbor, observed the damage to the door and notified the petitioner's cousin, Sharon Allen, of the problem. Ms. Allen was allowed to enter the victim's apartment and attempted to calm the petitioner. Later, Ms. Easley returned to the victim's apartment with Rita Montgomery, a neighbor. After surreptitiously gaining the permission of the victim, Ms. Montgomery contacted the police. When the police arrived, the petitioner attempted to leave the apartment through a side window. While acknowledging at trial that the order of protection prohibited him from contacting the victim, the petitioner denied either threatening her or arming himself with a knife.

On August 31, 2001, the petitioner filed this petition for post-conviction relief alleging that he had been denied the effective assistance of counsel and asserting that one or more of the convictions should be set aside on double jeopardy principles. Thereafter, the petition was amended to include specific allegations that trial counsel should have lodged an objection to the testimony of the victim, Sheila Johnson, and her older son, Marquez Johnson, regarding a prior criminal act by the petitioner. The amendment also contained allegations that trial counsel had failed to adequately interview witnesses prior to trial, had failed to object to hearsay evidence, and had failed to present evidence that an aggravated kidnapping charge had been dismissed at the preliminary hearing.

At the evidentiary hearing, the petitioner's trial counsel, who had five years' experience practicing criminal law at the time of the hearing, testified that he had invested 35 hours in out-of-court preparation for the petitioner's case and 12 hours in court. He stated that he had met with the petitioner on several occasions prior to the trial and had conferred with him on defense strategy. The defense strategy was to attack the credibility of the victim as to her claim that the petitioner had utilized a knife in the commission of the offenses. Trial counsel explained that the police were unable to find the knife at the scene and that none of the other witnesses to the encounter could verify the claim of the victim that the petitioner was armed. He recalled that when the victim did not return his telephone calls in advance of the trial, he chose to rely on the transcript of her testimony during the preliminary hearing as his primary means of preparation. Trial counsel acknowledged that he did not discuss the case with the victim's son, Marquez Johnson, explaining that Johnson resided with the victim and was equally inaccessible. He asserted that he had interviewed other state witnesses but conceded that he did not discuss the matter with the petitioner's probation officer, who was also a witness for the state.

Trial counsel testified that he had filed a motion in limine in an attempt to prevent the state from introducing evidence of the earlier incident which led to the order of protection. After the trial court had already overruled his motion to suppress the facts underlying the issuance of the order of protection, he elected not make a contemporaneous objection at the time the evidence was submitted at trial. Trial counsel conceded that the prior assault which resulted in the protection order "was damaging to his case" because Marquez Johnson had "cried throughout the testimony." Trial counsel acknowledged that he did not object to testimony by Ms. Easley that she had heard the victim yell,

"No, Dewain." He also acknowledged that he did not object to testimony by Ms. Montgomery that the victim had asked her to call the police.

Trial counsel stated that the aggravated kidnapping charge had been dismissed after the preliminary hearing but asserted that he knew of no way to establish the relevance of the dismissal at trial. He explained that the basis for the dismissal was that the general sessions judge believed that the victim had more than one opportunity to leave the apartment.

During his testimony at the evidentiary hearing, the petitioner confirmed that the general sessions judge had dismissed the aggravated kidnapping charge at the conclusion of the preliminary hearing and he argued that trial counsel should have found a means of introducing the disposition at trial. He complained that the trial court should have permitted him to testify about the dismissal.

The trial court ruled that while the petitioner's trial counsel had not interviewed the victim or her son, he had made adequate preparations by the use of transcripts of their testimony at the preliminary hearing. It also determined that trial counsel was not ineffective by having failed to make a contemporaneous objection to certain testimony of the victim and her older son after a motion in limine had been overruled. The trial court ruled that trial counsel had not been deficient by failing to object to inculpatory, hearsay testimony by Ms. Easley and Ms. Montgomery. Finally, the trial court concluded that trial counsel was not deficient by having failed to object to the state's motion in limine, which had the effect of preventing the defense from making reference to the general sessions court's dismissal of the aggravated kidnapping charge.

In this appeal, the petitioner alleges that his counsel was ineffective for (1) failing to object to the testimony of the victim and Marquez Johnson; (2) failing to interview those witnesses prior to trial; (3) failing to object to hearsay evidence; and (4) failing to introduce at the trial the general sessions court's dismissal of the aggravated kidnapping charge.

In a post-conviction proceeding, the petitioner bears the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). Claims of ineffective assistance of counsel are regarded as mixed questions of law and fact. State v. Honeycutt, 54 S.W.3d 762, 766-67 (Tenn. 2001); State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). On appeal, the findings of fact made by the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderated against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978). The credibility of the witnesses and the weight and value to be afforded their testimony are questions to be resolved by the trial court. Bates v. State, 973 S.W.2d 615 (Tenn. Crim. App. 1997). When reviewing the application of law to those factual findings, however, our review is de novo, and the trial court's conclusions of law are given no presumption of correctness. Fields v. State, 40 S.W.3d 450, 457-58 (Tenn. 2001); see also State v. England, 19 S.W.3d 762, 766 (Tenn. 2000).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given were below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). Should the petitioner fail to establish either factor, he is not entitled to relief. Our supreme court described the standard of review as follows:

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

On claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

In the opinion on direct appeal of the conviction, this court addressed the issue regarding the admission of the evidence resulting in the order of protection:

> Our review reveals no abuse of discretion by the trial court in allowing the testimony. The defendant was indicted for one count of aggravated assault for "intentionally or knowingly caus[ing] or attempt[ing] to cause bodily injury or commit[ting] or attempt[ing] to commit an assault" against the victim after having been enjoined by a court from having any contact with her. . . . We agree with the trial court that evidence of the defendant's June 30, 1998, assault upon the victim, which gave rise to the order of protection, was material to the issue of the defendant's motive and intent in going to the victim's apartment on the evening of August 3, 1998.

Slip op. at 5 (citations omitted).

In our view, the ruling by this court on direct appeal of the conviction as to the admissibility of the "prior bad act" qualifies as a ruling on the merits. In the opinion, this court also ruled that the defendant had waived any objection to the testimony by the failure to "raise the issue at trial." Because the trial court had ruled in advance of the trial that the testimony of the victim and her son was admissible, any deficiency by the failure to also make a contemporaneous objection could not

have resulted in any prejudice. In addition, the ruling by the panel of this court that the issue had been waived can be classified as surplusage.

Next, the record supports the trial court's ruling that trial counsel had attempted to contact the victim in advance of trial. She did not return his telephone calls. Further, because her older son was in her custody and lived at the same residence, he was similarly unavailable for an interview. Trial counsel prepared for trial by reviewing the transcripts of their testimony at the preliminary hearing. Although a personal interview is certainly preferable, it is not always possible. The victim, under usual circumstances, does not have the obligation to cooperate with defense counsel. Trial counsel, in our view, exercised the next best alternative. Most importantly, the petitioner has been unable to demonstrate how he was prejudiced by trial counsel's failure to gain a personal pre-trial interview of either the victim or her older son.

Although the petitioner argues that his trial counsel was deficient for having failed to object to the hearsay testimony of Ms. Easley and Ms. Montgomery, not all out-of-court statements qualify as hearsay. A statement must be offered "to prove the truth of the matter asserted" to be classified as hearsay. Tenn. R. Evid. 801. Further, while hearsay evidence is generally not admissible, there are several exceptions to the rule. See Tenn. R. Evid. 803. The petitioner has made no attempt to explain why the testimony of each of the two witnesses qualifies as hearsay. Also, he does not explain why the testimony does not fall within a particular exception. Because he has failed to cite any authority which would demonstrate why the evidence should not have been admitted, the issue has been waived. See Tenn. R. App. P. 27(a)(7); State v. Eberhardt, 659 S.W.2d 807 (Tenn. Crim. App. 1983). Further, no prejudice has been shown.

Finally, that the aggravated kidnapping charge was dismissed at the preliminary hearing would have been irrelevant at trial. Irrelevant evidence is not admissible. Tenn. R. Evid. 402. The purpose of a preliminary hearing is to determine whether sufficient probable cause exists to believe the defendant has committed a crime. See Tenn. R. Crim. P. 5.1(a); McKelden v. State, 516 S.W.2d 82, 85 (Tenn. 1974). While the proof offered by the state at the preliminary hearing may not have been sufficient to meet the probable cause standard for referral to the grand jury, that determination would have had no significance at trial. See Tenn. R. Crim. P. 5.1(b). In our view, trial counsel could not be deficient for failing to attempt what he could not have done under law.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE