STATE of Missouri, Respondent,

v.

Leland EDWARDS, Appellant.

No. 55936.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 22, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 18, 1998.

Application for Transfer Denied
Dec. 22, 1998.

Craig A. Johnston, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

This is a consolidated appeal after convictions and sentencing in 1989 on charges of robbery first degree, in violation of section 569.020 RSMo 1986, and a related armed criminal action, in violation of section 571.015 RSMo 1986, and denial of Rule 29.15 relief after an evidentiary hearing.

State offered the testimony of the victim, through an interpreter, which would support a finding that Defendant robbed the victim at knife-point. It also offered the testimony of an arresting officer that Defendant told him that he robbed the store, but he did not have a knife. Defendant testified, denied the robbery, and said his statement to the police was false. Defendant does not contest the sufficiency of the evidence to support the charged crime.

Appellant argues the trial court erred in refusing to give his Instruction A, which would have submitted the lesser-included offense of robbery second degree. There is no dispute that robbery second degree is a lesser-included offense of the charged crime. The disputed issue is whether Defendant is entitled to the lesser-included offense instruction. State offered evidence that would support the lesser-included offense, but Defendant testified that this evidence is untrue.

The State's evidence included testimony of the arresting officer that Defendant admitted robbing the victim without the use of a weapon. Both parties refer to Defendant's statement as a "confession." If it is a confession, it was a confession of a lesser-included offense, not of the charged crime.

■ The legal issue is whether there was evidence for the jury to acquit Defendant of the charged crime of robbery first degree and convict him of the lesser offense of robbery second degree. If there is a basis for a verdict of acquittal of the greater offense and a conviction of the lesser, then a jury must be instructed on the lesser included offense, if requested. Section 556.046.2 RSMo 1994; *State v. Olson*, 636 S.W.2d 318, 321 (Mo. banc 1982). When reviewing whether a defendant is entitled to a particular instruction, we review in a light most favorable to defendant. *State v. Howard*, 949 S.W.2d 177, 180 (Mo. App. E.D.1997). "If there is any doubt upon the evidence, the trial court should resolve any doubts in favor of instructing on the lower degree of the crime, leaving it to the jury to decide of two or more grades on an offense, if any, the defendant is guilty." *State v. Santillan*, 948 S.W.2d 574, 577 (Mo. banc 1997).

The Western District of this court recently reversed a conviction and sentence for failure to submit a lesser-included offense instruction. *State v. Barnard*, 972 S.W.2d 462 (Mo. App.W.D.1998). The basis of acquitting the defendant of the greater offense consisted of evidence offered by the state in the form of a tape-recorded statement of the defendant which, if believed, would have supported an acquittal of the charged offense and a conviction of a lesser included offense. *Id.* at 965–66. Unlike Defendant, Barnard did not testi-

fy. The court found Barnard's taped statement was affirmative evidence that had probative value and provided a basis for the jury to acquit him of the greater offense and convict him of the lesser offense. *Id.* at 965–66. It also addressed and distinguished the cases relied on by the State in the present appeal by observing, "[t]his is not a case where the jury might merely disbelieve the Victim. Rather, there is evidence, adduced by the state, that would provide a 'basis for acquitting the defendant of the greater offense and convicting the defendant of the lesser offense.'" *Id.* at 966 (citing *State v. Tivis*, 948 S.W.2d 690, 694 (Mo.App. W.D. 1997)).

■ In the present case, the jury could have believed there was a robbery, disbelieved the victim's testimony that there was a knife, and believed State's evidence that Defendant committed that robbery without a knife. These findings would not conflict with an implied finding that Defendant's trial testimony was unbelievable.

State has argued that because Defendant testified and denied that he committed the robbery, he is not entitled to the lesser-included offense instruction based on one version of State's evidence. It argues Defendant's confession to the police that he committed the robbery was admissible because it constituted an admission of a party opponent. Defendant's statement that he did not have a knife was merely unsworn out of court testimony without probative value, particularly since Defendant's testimony under oath repudiated the entire statement. The entire statement was unsworn out of court testimony. State's argument is not supported by any authority, nor does it apply. First, the statement offered by State was an admission that Defendant committed a lesser-included offense. Second, there is no legal authority to separate one part of Defendant's unsworn statement from another when determining probative value.

State also argues the trial court properly refused the lesser-included offense instruction because Defendant is not entitled to inconsistent defenses. The Supreme Court held a trial court is not required to instruct

on a lesser-included offense unless there is a basis for acquitting the defendant of the offense charged. *State v. Neil*, 869 S.W.2d 734, 739 (Mo. banc 1994). It found, "[w]hen defendant denies the commission of the charged offense *and there is no evidence to mitigate the offense or provide a different version of the offense*, instruction down is not required." (Our emphasis.) *Id.* at 739.

In the present appeal, there was evidence offered by State to mitigate or provide a different version the offense. Thus, the jury could reject Defendant's trial testimony of innocence, but believe he truthfully told the police officer who testified for State that he robbed without a weapon. State offered evidence that Defendant robbed with a weapon and evidence that he robbed without a weapon. Submission of the requested lesser-included offense was supported by the evidence.

The evidence offered by State consists of more than a possibility or speculation whether Defendant robbed without a knife. State offered affirmative evidence that would support a finding that he robbed without a knife. This evidence constituted a basis for a verdict acquitting Defendant of the greater offense and convicting Defendant of the lesser offense. The trial court erred in rejecting Defendant's request for a lesser-included offense instruction. Such error requires reversal and a remand for a new trial. *State v. Sims*, 684 S.W.2d 555, 557 (Mo.App.1984).

Because a lesser included offense instruction for second degree robbery should have been given, the armed criminal action conviction which is dependent upon the robbery conviction, must also be reversed. *State v. Weems*, 840 S.W.2d 222, 228 (Mo. banc 1992). The convictions and sentences on robbery first degree and armed criminal action are reversed. This cause is remanded for a new trial.

ROBERT G. DOWD, Jr., C.J., and ROBERT E. CRIST, Senior Judge, concur.