**STATE of Missouri, Respondent,**

v.

**Lawrence ROBINSON, Appellant.**

**No. ED 76848.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 25, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 24, 2000.

Application for Transfer Denied
Oct. 3, 2000.

Nancy A. McKerrow, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Lawrence Robinson, ("defendant"), appeals the judgment of the Circuit Court of St. Louis County after a jury found him guilty of two counts of statutory sodomy, section 566.062, RSMo 1994,[1] two counts of child molestation in the first degree, section 566.067, and one count of sexual misconduct in the first degree, section 566.090. Defendant was sentenced to two ten-year consecutive sentences for the two counts of statutory sodomy. Defendant was sentenced to a three-year prison term for the third count of child molestation to run concurrent to the first count of statutory sodomy. Defendant was sentenced to a three-year prison term for the fourth count of child molestation to run consecutive to the third count of child molestation. Defendant was sentenced to a one-year prison term for the fifth count of sexual misconduct to run consecutive to the fourth count of child molestation. We reverse and remand in part and affirm in part.

The evidence, in the light most favorable to the verdict, is that from July 1, 1998 to August 15, 1998, defendant and his wife were living with his sister-in-law, Betty Crites ("Betty") in St. Louis County. While defendant was staying with Betty, he would sometimes help her watch her four grandchildren, one of whom was P.H. ("victim"). Victim was seven years old at the time.

Victim testified at trial that, while defendant was living with Betty, he touched her vagina through her clothing and that on more than one occasion he reached inside her clothing and touched her. Also, victim testified that, on more than one occasion, defendant got into bed with her and fondled her breasts and stuck his hand inside her underwear. Furthermore, victim testified that defendant put his finger inside of her vagina on more than one occasion.

On August 14, 1998, after defendant held his "private" and shook it up and down in front of victim and her sisters and cousin, victim told her sisters and cousin that defendant had been doing "nasty things" to her. Victim dictated to her sister what defendant had done to her, and victim's sister wrote a note to their aunt that contained victim's allegations. After victim's aunt received the note, victim was taken to the emergency room to be examined on the early morning of August 15, 1998.

On August 15, 1998, the day after victim made her initial allegations, defendant and his wife moved to Louisiana.

Dr. Susan Irvine, the emergency room pediatrician who examined victim, testified at trial for the defense. Dr. Irvine testified that according to her examination, there were no lacerations or bruising, the hymen was intact, and victim appeared to have a "normal circular hymenal [sic] opening." However, Dr. Irvine referred victim to the Children's Advocacy Center ("CAC"), for a physical examination and interview.

On August 31, 1998, two weeks after Dr. Irvine's examination, victim was taken to CAC and examined by pediatric endocrinologist Dr. James Monteleone. Dr. Monteleone, a witness for the state, testified that victim's vaginal area was abnormal. He testified that victim's hymen was "almost completely gone." Based on his observations, Dr. Monteleone testified victim had been sexually abused and there was strong evidence consistent with digital penetration.

At trial, defendant testified in his own defense. Defendant denied any improper contact with victim.

Before evidence began on the third day of trial, the court had a juror brought into

---

1. All statutory references are to RSMo 1994.

the courtroom outside the presence of the other jurors. At that time the court announced the juror was being removed because he had been prosecuted for a marijuana offense and had not revealed that during voir dire. The juror indicated he had received a suspended sentence, and he did not think he had been convicted. Defense counsel objected to the juror's removal. The juror was replaced with an alternate.

Before closing arguments, defense counsel offered defense Exhibits A and B, Drs. Monteleone and Irvine's reports. The state's foundation objection was sustained and the trial court refused the admission of the two exhibits.

Defendant requested the jury be instructed on the offense of child molestation in the first degree as a lesser-included offense of statutory sodomy. The trial court refused to instruct on the lesser-included offense of child molestation as to the two counts of statutory sodomy.

Defendant was found guilty on all five counts. Defendant appeals.

Defendant raises three points on appeal. In his first point, defendant alleges the trial court erred when it refused to submit to the jury his proffered instruction for the lesser-included offense of child molestation in the first degree as to the two counts of statutory sodomy. Defendant argues there was evidence that would support a conviction of child molestation and acquittal of statutory sodomy. We agree.

The state admits child molestation is a lesser-included offense of statutory sodomy because the indictment included the same statutory age element for statutory sodomy as child molestation. Therefore, we must resolve whether there was a basis for submission of the lesser-included jury instruction.

■ If there is a basis for a verdict of acquittal of the greater offense and conviction of the lesser, then a jury must be instructed on the lesser-included offense. Section 556.046.2. "When reviewing whether a defendant is entitled to a particular instruction, we review in a light most favorable to defendant." *State v. Edwards,* 980 S.W.2d 75, 76 (Mo.App. E.D. 1998). "If there is any doubt upon the evidence, the trial court should resolve any doubts in favor of instructing on the lower degree of the crime, leaving it to the jury to decide of two or more grades on an offense, if any, the defendant is guilty." *Id.* (quoting *State v. Santillan,* 948 S.W.2d 574, 577 (Mo.banc 1997)). If a reasonable juror could draw inferences from the evidence presented that the defendant did not commit any one of the essential elements of the higher offense, the trial court should instruct down. *Santillan,* 948 S.W.2d at 576. A jury may accept part of a witness' testimony while disbelieving other portions. *State v. Dulany,* 781 S.W.2d 52, 55 (Mo.banc 1989).

■ Statutory sodomy requires that a defendant engage in deviate sexual intercourse with another person; this includes digital penetration. Sections 566.010 and 566.062. However, child molestation requires that a defendant subject another person to sexual contact (e.g., touching the vaginal area without penetration). Sections 566.010 and 566.067.

■ In the case at bar, there was enough evidence adduced at trial to warrant the submission of the jury instruction for the lesser-included offense of child molestation. Based upon the testimony of defense witness Dr. Irvine there was evidence presented from which a jury could have found victim's vagina had not been penetrated, but victim had been touched. Dr. Irvine testified that during her examination, victim's hymen was intact and the vaginal area appeared normal. Analyzing the evidence in the light most favorable to giving the instruction, a jury could have drawn an inference that since the hymen was intact there had been no penetration. According to Dr. Monteleone's testimony, victim had been subjected to sexual abuse and penetration. Dr. Monteleone's testi-

mony concerned his examination of victim which occurred two weeks after defendant moved to Louisiana. The jury could have drawn an inference that victim had not been penetrated before defendant left the state. The jury could have believed part of the victim's testimony, that defendant touched her, and disbelieved that defendant penetrated her. Therefore, resolving any doubt concerning whether to instruct on the lesser-included charge in favor of submitting the instruction, an inference could have been drawn by the jury allowing them to acquit appellant of statutory sodomy and convict appellant of child molestation in the first degree. Thus, the trial court should have submitted the lesser-included jury instruction to the jury.

In his second point defendant alleges the trial court abused its discretion in sustaining the state's foundation objection to defendant's Exhibits A and B. Respondent's motion to strike those exhibits is hereby granted because exhibits do not appear to be the same exhibits offered at trial. The exhibits lack the original exhibit stickers and do not bear markings referred to in the trial transcript. Rule 30.05 requires the original exhibits be filed with this court. It is clear from the record the exhibits filed by defendant are not the original exhibits; therefore, we have nothing to review and defendant's second point is denied.

In his third point defendant alleges the trial court abused its discretion when it removed a juror because it believed the juror lied during voir dire. We disagree.

Determining whether a juror is "unable or disqualified" is within the trial court's discretion. *State v. Nicklasson,* 967 S.W.2d 596, 614–15 (Mo.banc 1998). Alternate jurors shall replace jurors who, prior to the time the jury retires to consider its verdict, are found to be unable or disqualified to perform their duties. Section 494.485. Furthermore, defendants do not have a right to a specific juror or to representation on the jury of a particular point of view. *See State v. Blunk,* 860 S.W.2d 819, 821 (Mo.App. E.D.1993).

In the case at bar, the trial court did not abuse its discretion. The trial court was not convinced the juror "intentionally" misled the court, but out of an abundance of caution, the court decided to remove the juror and replace him with an alternate. Moreover, defendant was not prejudiced by the removal of the juror. There is no evidence that either the removal of the juror or the alternate juror prejudiced defendant. Our review of the record reveals no abuse of discretion.

Accordingly, as to the first two counts of statutory sodomy we reverse the judgment and remand the case for further proceedings consistent with this opinion, and affirm the convictions and sentences on the remaining counts.

PAUL J. SIMON, J., and JAMES R. DOWD, J., concur.