**Milton SOTO, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. SC 88203.

Supreme Court of Missouri,
En Banc.

June 26, 2007.

Kimberly L. Cofman, Raymond R. Bolourtchi, Clayton, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Victor J. Melenbrink, Asst. Atty. Gen., Jefferson City, for Respondent.

## PER CURIAM.

Milton Soto pleaded guilty to first-degree statutory sodomy in violation of section 566.062, RSMo 2000. He subsequently filed a post-conviction motion pursuant to Rule 24.035 contending there was an insufficient factual basis for his plea in that there was no evidence of penetration. The motion court denied relief. Soto appeals.[1] Under the facts of this case, penetration was not an element of the offense. The judgment is affirmed.

### The facts forming the basis of the plea

At the plea hearing, the prosecutor stated that the evidence would show that Soto placed the hand of a four-year-old on Soto's genitals. He noted that the victim would testify that she was playing hide-and-go-seek with Soto and her sister. While they were hiding in the bathroom, Soto placed the victim's hand on his genitals. When she realized what she was touching, the victim ran out of the bathroom, hid under a table, and summoned her sister.

---

1. The appeal was originally filed in the Court of Appeals, Eastern District, which affirmed pursuant to Rule 84.16. This Court granted Soto's application for transfer and has jurisdiction. Mo. Const. art. V, sec. 10.

The sister would testify that she saw Soto and the victim in the bathroom, and Soto was trying to cover himself behind a shower curtain. She would also recount the scared look on the victim's face when she fled the bathroom. The victim told her sister that Soto made her touch his "pee-pee."

The evidence also would include Soto's statement confirming the victim's account, that he did not ejaculate, and that he was sorry and did not mean to harm anyone.

### Standard of review

This Court's review of a denial of a post-conviction motion under Rule 24.035 is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. The motion court's findings and conclusions are clearly erroneous only if, after the review of the record, the appellate court is left with the definite and firm impression that a mistake has been made. *Weeks v. State,* 140 S.W.3d 39, 44 (Mo. banc 2004).

The general rule of statutory construction requires a court to determine the intent of the legislature based on the plain language used and to give effect to this intent whenever possible. To ascertain legislative intent, the courts should examine the words used in the statute, the context in which the words are used, and the problem the legislature sought to remedy by the statute's enactment. *Care and Treatment of Schottel v. State,* 159 S.W.3d 836, 841–42 (Mo. banc 2005).

### Is penetration required in every factual scenario of first-degree statutory sodomy?

The statute to which Soto pleaded guilty provides, "A person commits the crime of statutory sodomy in the first degree if he has deviate sexual intercourse with another person who is less than fourteen years old." *Section 566.062,* RSMo 2000. "Deviate sexual intercourse" is defined in section 566.010(1), RSMo 2000:

"Deviate sexual intercourse", any act involving the genitals of one person and the hand, mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person.

Relying on *State v. Pond,* 131 S.W.3d 792 (Mo. banc 2004), *State v. Fewell,* 198 S.W.3d 691 (Mo.App.2006), and *State v. Robinson,* 26 S.W.3d 414 (Mo.App.2000), Soto insists that "deviate sexual intercourse" requires penetration. This is a misreading of the definition. Under the definition, there are two types of acts: (1) any act involving the genitals of one person and the hand, mouth, tongue or anus of another person (which might be labeled "contact sodomy") and (2) a sexual act involving the penetration of the sex organ or anus by a finger, instrument or object (which might be labeled "penetration sodomy"). All of these acts require the same mens rea—that they were "done for the purpose of arousing or gratifying the sexual desire of any person."[2]

The factual basis for the plea in this case clearly supports a finding that the act involved the genitals of one person and the hand of another person. The crime did not involve a finger, instrument or object used to penetrate a person's sex organ. Under these circumstances, penetration

---

**2.** If an ambiguity exists in a criminal statute, the statute is to be construed more strictly against the state. *State v. Withrow,* 8 S.W.3d 75, 80 (Mo. banc 1999).

was not an element of the offense to which Soto pleaded guilty.

## Pond, Fewell, and Robinson are distinguishable

Soto's reliance on *Pond, Fewell,* and *Robinson* is misplaced. In *Pond,* the victim testified the defendant put his fingers in her body and it hurt. *Pond,* 131 S.W.3d at 794. *Pond* applied section 566.010(1), RSMo 1994, the former version of the statute that did not include hand-to-genital contact. As such, *Pond* was tried on the basis of penetration sodomy, not hand-to-genital contact sodomy. The issue on appeal was whether a lesser included instruction on child molestation should have been given. *Id.* The *Pond* court's discussion of penetration as an element of sodomy was correct in the context of that case, but it is not instructive to the decision in this case.

*Fewell* is similarly unhelpful to Soto's position, as it simply cites *Pond* and discusses the penetration requirement in relation to the factual allegations for the crime of penetration sodomy charged in that case. 198 S.W.3d at 693–94. *Robinson* is likewise not instructive, as its discussion also centers on a penetration sodomy crime. 26 S.W.3d at 416–17.

## Conclusion

The judgment is affirmed.

All concur.