**David L. REDMOND,**
**Movant/Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 95473.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 25, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 12, 2011.

Alexandra Johnson, St. Louis, MO, for appellant.

Chris Koster, Atty. Gen., John W. Grantham, Asst. Atty. Gen., Jefferson City, MO, for respondent.

PATRICIA L. COHEN, Presiding Judge.

### Introduction

David Redmond (Movant) appeals from the judgment of the Circuit Court of St. Charles County denying his Rule 24.035 motion without an evidentiary hearing. Movant contends that the motion court erred in denying his claim that plea counsel rendered ineffective assistance by failing to advise him that he would be required to serve eighty-five percent of his

sentence before becoming eligible for parole. The State contends that the motion court did not have authority to consider Movant's motion because Movant failed to file it within 180 days of his delivery to the Department of Corrections. We agree and therefore vacate the judgment and remand with instructions to dismiss Movant's motion.

## Background

The State charged Movant with one count of first-degree statutory sodomy, one count of first-degree statutory rape, and one count of first-degree child molestation. On June 22, 2009, Movant appeared before the trial court and pleaded guilty to all three counts.[1] The plea court accepted Movant's guilty plea and sentenced him to concurrent sentences of fifteen-years' imprisonment for each count.

The Department of Corrections assumed custody of Movant on June 26, 2009. On January 8, 2010, Movant filed a *pro se* Rule 24.035 motion seeking post-conviction relief. The motion court appointed post-conviction counsel, who filed an amended motion on June 14, 2010. Movant's amended motion alleged that his plea counsel rendered ineffective assistance of counsel by failing to inform him that his guilty plea would require him to serve eighty-five percent of his sentence. Movant further alleged that his plea counsel rendered ineffective assistance by failing to investigate two potential witnesses.

On June 25, 2010, the State responded to Movant's amended motion and disputed all of Movant's substantive claims. However, the State did not argue that Movant had filed his motion out-of-time.

On August 6, 2010, the motion court issued a "Judgment & Order" denying Movant's Rule 24.035 motion without an evidentiary hearing. Movant appeals.

## Standard of Review

On review of a motion court's denial of a Rule 24.035 motion, we are confined "to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous." Rule 24.035(k); *Soto v. State*, 226 S.W.3d 164, 166 (Mo. banc 2007). The motion court's findings of fact and conclusions of law are presumptively correct. *Nelson v. State*, 250 S.W.3d 386, 389 (Mo.App. E.D.2008). However, we will find them to be clearly erroneous only if, after reviewing the record, we are left with a "definite and firm impression that a mistake has been made." *Soto*, 226 S.W.3d at 166.

Rule 24.035(h) provides that a hearing is not required when the motion court determines that "the motion and the files and records of the case conclusively show that the movant is entitled to no relief." Rule 24.035(h). Thus, a motion court properly declines to hold a hearing if: 1) the movant fails to plead facts that if true would warrant relief; 2) the facts pleaded by the movant are refuted by the record; or 3) the matter complained of did not result in prejudice to the movant. *See Elverum v. State*, 232 S.W.3d 710, 714 (Mo.App. E.D.2007).

## Discussion

In his sole point on appeal, Movant asserts that the motion court erred in denying his motion because his plea counsel rendered ineffective assistance by failing to inform him that he would be required to

---

1. The cover page of the guilty plea and sentencing hearing transcript states that the hearing occurred on March 19, 2009. However, the plea court states on the record that the date is June 22, 2009, and the docket sheets confirm that the hearing occurred on that date.

serve eighty-five percent of his sentence before he became eligible for parole. Before considering Movant's point on appeal, we consider the State's contention that the motion court did not have authority to entertain Movant's motion because Movant filed his motion out-of-time.

Rule 24.035 provides:

If no appeal of [the] judgment was taken, the motion shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections. . . . Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035.

Rule 24.035(b). The Missouri Supreme Court has stated: "The time limitations contained in Rules 24.035 and 29.15 are valid and mandatory." *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989). If a movant fails to file his Rule 24.035 motion within the time limitations imposed by Rule 24.035, then the motion court must dismiss the motion. *Gehrke v. State*, 280 S.W.3d 54, 57 (Mo. banc 2009).

According to the record, Movant was delivered to the custody of the Department of Corrections on June 26, 2009. Therefore, Movant was required to file his Rule 24.035 motion no later than December 23, 2009. Movant did not file his Rule 24.035 motion until January 8, 2010.

The State concedes that it failed to raise the issue of timeliness and the motion court did not address the issue. However, the State urges us to follow this court's holdings in *Swofford v. State*, 323 S.W.3d 60, 64 (Mo.App. E.D.2010) and *Pettry v. State*, 345 S.W.3d 335, 339–340 (Mo.App. E.D.2011), both holding that the State's failure to raise the issue of timeliness before the motion court does not waive the issue. Although the Western District has held otherwise,[2] this court rejected the Western District's rationale and reaffirmed *Swofford* in *Pettry*: "Having thoughtfully considered the opinions offered by our colleagues in the Western District, we remain committed to the result reached in *Swofford*." *Pettry*, 345 S.W.3d at 340.[3] Point denied.

### Conclusion

The judgment of the motion court is vacated, and the case is remanded with instructions to dismiss Movant's Rule 24.035 motion.

GEORGE W. DRAPER III and ROBERT M. CLAYTON III, JJ., concur.

---

**2.** In *Snyder v. State*, 334 S.W.3d 735, 739–40 (Mo.App. W.D.2011) and *Gerlt v. State*, 339 S.W.3d 578, 581 (Mo.App. W.D.2011), the Western District held that the State's failure to raise before the motion court the issue of the movant's noncompliance with the time limitations in Rule 24.035(b) waives that issue.

**3.** The Missouri Supreme Court has recently transferred three cases from the Southern District addressing this issue. *Dorris v. State*, No. SD30491, 2011 WL 742548 (Mo.App. S.D. March 1, 2011) (transferred April 26, 2011); *Lopez–McCurdy v. State*, No. SD30586, — S.W.3d —, 2011 WL 1119069 (Mo.App. S.D. March 28, 2011) (transferred May 31, 2011); *Hill v. State*, No. SD30530, — S.W.3d —, 2011 WL 1458697 (Mo.App. S.D. April 15, 2011) (transferred June 28, 2011).