NOT DESIGNATED FOR PUBLICATION

No. 124,271

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

WILLIAM CODY JACKSON SR.,
*Appellee*.


MEMORANDUM OPINION


Appeal from Shawnee District Court; JASON E. GEIER, judge. Opinion filed June 3, 2022. Affirmed.


*Jodi Litfin*, assistant solicitor general, *Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellant.


*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellee.


Before HILL, P.J., MALONE, J., and PATRICK D. MCANANY, S.J.


PER CURIAM: The State appeals the district court's criminal history classification used to determine William Cody Jackson Sr.'s sentence following his guilty plea to aggravated burglary. More specifically, the State claims the district court erred in calculating Jackson's criminal history score by not including his two prior Kansas criminal threat convictions as part of his criminal history and by classifying his prior Missouri sodomy conviction as a nonperson felony. For the reasons stated in this opinion, we reject the State's claims and affirm the district court's judgment.

1

On September 22, 2018, Jackson committed criminal acts that the State later charged as aggravated burglary, two counts of theft, and attempted aggravated escape from custody. In February 2020, Jackson pled guilty to aggravated burglary in exchange for dismissal of the other charges. The presentence investigation (PSI) report showed that Jackson had a criminal history score of A. The PSI report counted four person felonies in Jackson's criminal history:  a 2015 Kansas aggravated battery conviction, a 2017 Kansas criminal threat conviction, a 2016 Kansas criminal threat conviction, and a 2002 Missouri statutory sodomy in the first-degree conviction.

Jackson objected to his criminal score, challenging the person classification of the two criminal threat convictions and the Missouri sodomy conviction. Jackson asserted that (1) the criminal threat convictions could not be counted in his criminal history because of *State v. Boettger*, 310 Kan. 800, 822-23, 450 P.3d 805 (2019), *cert. denied*, 140 S. Ct. 1956 (2020), and (2) the sodomy conviction could not be scored as a person felony because the statutory elements of the offense were not narrower than or identical to the elements of comparable Kansas statutes as required under the test set out in *State v. Wetrich*, 307 Kan. 552, 562, 412 P.3d 984 (2018).

The district court held an initial hearing on Jackson's objection and requested additional briefing. The parties filed supplemental briefing, and the State included various documents for the district court to consider in deciding Jackson's criminal history score under the modified categorical approach. For Jackson's 2016 criminal threat conviction, the State included a copy of the charging document, charging Jackson with communicating a threat to commit violence "with the intent to place another in fear or in reckless disregard of the risk of causing such fear." The State also included the transcript from the plea hearing which reflected that Jackson pled no contest to the charge of criminal threat. The proffered factual statement for the charge was that Jackson kissed the

victim "and told her it would be the last kiss she received from him, which caused [the victim] to be fearful for her own physical safety due to its threatening manner."

For the 2017 criminal threat conviction, the State provided the charging document which again showed that Jackson was charged with communicating a threat to commit violence "with the intent to place another in the fear or in reckless disregard of the risk of causing such fear" to two separate victims. The State also provided the plea hearing transcript which showed Jackson pled no contest to the charge of criminal threat and stated the proffered factual basis for the plea was that Jackson entered a Dollar General store and began threatening to physically harm an employee.

Finally, the State included the amended information for Jackson's Missouri conviction for sodomy, which alleged Jackson "committed the felony of statutory sodomy in the first degree" by having "deviate sexual intercourse with [the victim], who was then less than fourteen years old."

On January 8, 2021, the district court issued its ruling at the continued hearing. For the Missouri conviction, the district court found *Wetrich* applied, and under that analysis, the Missouri conviction must be scored as a nonperson felony. The court explained that the Missouri sodomy crime was broader than Kansas aggravated criminal sodomy because the Missouri crime could involve "the hand and genitalia." The district court then found that the Missouri crime was broader than the Kansas crime of rape because the Missouri statute "would allow the use of a hand and no penetration." The district court found that the Missouri crime was also broader than the Kansas crime of aggravated indecent liberties with a child because the Missouri statute allowed the gratification to be for any person, not only the child or the offender.

As for the Kansas criminal threat convictions, the district court found that the charging documents contained both intentional and reckless language and because

3

Jackson simply pled to the criminal threat charge, the district court could not determine which version of the statute Jackson pled to. The district court stated it did not believe Jackson could plead to both intentional and reckless behavior at the same time, that it did not believe it could consider the plea transcripts and "act as a factfinder to weigh in on which particular portion of that statute the defendant was entering a plea to," and that even if it did consider the plea transcript it was still not evident which version Jackson pled to. Thus, the district court ruled that the Kansas criminal threat convictions could not be counted in Jackson's criminal history.

The district court ordered a new PSI report that reflected Jackson had a criminal history score of C. The amended PSI report showed that Jackson had one person felony—the 2015 Kansas aggravated battery conviction—and counted the Missouri sodomy conviction and the two Kansas criminal threat convictions as nonperson felonies.

The State moved to reconsider, asserting the district court erred in finding the Missouri crime broader than the Kansas crimes and that the State only needed to prove that Jackson "was not convicted solely of reckless criminal threat." On July 29, 2021, the district court sentenced Jackson. The district court denied the State's motion to reconsider, reiterating its prior rulings. The district court found Jackson's criminal history score to be C and imposed a sentence of 53 months' imprisonment and 24 months' postrelease supervision. The State timely appealed Jackson's sentence.

DID THE DISTRICT COURT ERR IN CALCULATING
JACKSON'S CRIMINAL HISTORY SCORE?

The State claims the "district court erred when it classified Jackson's two Kansas criminal threat convictions and Missouri statutory sodomy conviction as nonperson felonies in his criminal history score." Jackson responds and argues that the district court correctly excluded his prior criminal threat convictions from his criminal history. He also

4

argues that the district court correctly classified his Missouri conviction for statutory sodomy in the first-degree as a nonperson felony.

Under the revised Kansas Sentencing Guidelines Act (KSGA), a defendant's sentence depends on the crime of conviction and the defendant's criminal history score. K.S.A. 2020 Supp. 21-6804(d). As discussed above, the district court found Jackson's criminal history score to be C. But if one or two of the challenged offenses should have been a person felony, then Jackson's criminal history score should have been either B or A, thus increasing his presumptive sentence. See K.S.A. 2020 Supp. 21-6804(a).

"Classification of prior offenses for criminal history purposes involves statutory interpretation. This is a question of law subject to unlimited review." *State v. Coleman*, 311 Kan. 305, 308, 460 P.3d 368 (2020).

*Did the district court err in finding Jackson's two prior criminal threat convictions could not be counted in his criminal history?*

"Prior convictions of a crime defined by a statute that has since been determined unconstitutional by an appellate court shall not be used for criminal history scoring purposes." K.S.A. 2020 Supp. 21-6810(d)(9). In October 2019, the Kansas Supreme Court held "the portion of K.S.A. 2018 Supp. 21-5415(a)(1) allowing for a conviction if a threat of violence is made in reckless disregard for causing fear causes the statute to be unconstitutionally overbroad because it can apply to statements made without the intent to cause fear of violence." *Boettger*, 310 Kan. at 822-23.

Jackson had a 2016 and a 2017 conviction for criminal threat. The district court examined the charging document, the plea, and the factual basis for the plea in each case and found that none of the documents allowed it to determine which version of criminal threat—reckless or intentional—Jackson was convicted of. As a result, the district court

ruled the convictions could not be counted as it was not clear that Jackson was not convicted of the reckless version of criminal threat, a statute that had since been determined unconstitutional.

The State concedes that Jackson pled to both alternatives of criminal threat—reckless and intentional. But the State argues that the district court erred in excluding the convictions. First, the State asserts that Jackson should not be permitted to attack his prior pleas because the convictions have not been declared invalid. Second, the State argues that it only had to prove the validity of Jackson's prior convictions by a preponderance of the evidence and that it met that burden because Jackson pled to both versions of the crime. The State asserts that if the reckless language is struck from the charging documents and the plea, then Jackson did in fact plead to the intentional version.

Jackson argues the district court properly engaged in the modified categorical analysis and found that it could not determine under which version of criminal threat Jackson was convicted. Jackson argues that the factual basis for the pleas established that he communicated a threat of violence, but nothing established his intent. Jackson argues that because the State failed to establish that he committed the intentional version of criminal threat, the district court properly excluded his two prior criminal threat convictions from his criminal history.

First, the State incorrectly asserts that by claiming the convictions cannot count in his criminal history, Jackson must be collaterally attacking the validity of his prior convictions. Jackson states he is not seeking to have the convictions overturned; instead, he is only asserting that they cannot be used in his criminal history based on K.S.A. 2018 Supp. 21-6810(d)(9). By raising his objection at sentencing he was merely challenging the classification and scoring of the convictions. The district court's ruling on the exclusion of the convictions from his criminal history score does not affect the existence or validity of his plea in each prior case or the convictions themselves.

6

And the State incorrectly asserts that by merely proving the existence of the prior convictions, it met its burden of proving Jackson's criminal history. The State cites K.S.A. 2018 Supp. 21-6810(d)(1) and (d)(2) in support of its assertion. Those provisions stand for the proposition that all prior felony convictions will be considered and scored in determining a defendant's criminal history. But K.S.A. 2018 Supp. 21-6810(d)(9), which is the basis for Jackson's argument here, then states that prior convictions for a statute that has since been determined unconstitutional shall not be counted in the defendant's criminal history. Reading the provisions together, all prior felony convictions should be considered and scored in determining a defendant's criminal history except for those under a statute that has since been determined unconstitutional. Thus, the State must prove the challenged convictions are not under a statute that has since been determined unconstitutional.

The State correctly asserts that it needed to prove Jackson's criminal history by a preponderance of the evidence. See K.S.A. 2018 Supp. 21-6814(a) ("The offender's criminal history shall be . . . determined by a preponderance of the evidence at the sentencing hearing by the sentencing judge."); *State v. Obregon*, 309 Kan. 1267, 1275, 444 P.3d 331 (2019) (stating it is the State's burden to prove a defendant's criminal history). But the State then incorrectly asserts that the district court applied the wrong standard. The State's argument on this point is confusing, but it seems to assert the district court applied a beyond a reasonable doubt standard presumably because the district court cited a case—*State v. Johnson*, 310 Kan. 835, 450 P.3d 790 (2019)—that dealt with the sufficiency of evidence at a jury trial to establish which version of the criminal threat offense the defendant committed.

*Johnson*, decided the same day as *Boettger*, discussed the sufficiency of the evidence when Johnson was charged with intentional or reckless criminal threat, the jury was instructed on both, and the verdict form merely asked whether Johnson committed the crime of criminal threat. *Johnson*, 310 Kan. at 839. The court found that sufficient

7

evidence existed to support a conviction under either version of the statute but because of *Boettger* and because nothing in the record established which version of the offense the jury relied on to convict Johnson, his conviction had to be vacated. *Johnson*, 310 Kan. at 839-44. In so finding, the court noted that a jury could have found the defendant committed the reckless version if it determined that the defendant did not intend his threat to be taken literally but the victim was still fearful. 310 Kan. at 844.

The district court did not apply the wrong standard. It cited *Johnson* to support its assertion that it could not determine which version of the offense Jackson committed given the factual basis in each case does not solely support an intentional version of criminal threat. The district court was stating that, like the court found in *Johnson*, the evidence could support either version depending on Jackson's intent in issuing the threat.

As mentioned above, it is the State's burden prove an offender's criminal history by a preponderance of the evidence. When the PSI report alone does not establish which version of the offense the defendant committed, the district court is directed to apply the "'modified categorical approach'"—which allows the examination of "'charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms'"—to determine which statutory alternative was the basis for conviction. See *Obregon*, 309 Kan. at 1274 (discussing the modified categorical approach in relation to alternative means out-of-state crimes). The district court properly engaged in the modified categorical approach and determined that the State had not, by a preponderance of the evidence, proved that Jackson committed the intentional version of criminal threat.

Jackson was charged and pled no contest to both versions of criminal threat in both cases. The proffered factual statement for one case was that Jackson kissed the victim "and told her it would be the last kiss she received from him, which caused [the victim] to be fearful for her own physical safety due to its threatening manner." The

proffered factual basis in the other was that Jackson entered a Dollar General store and began threatening to physically harm an employee. The district court correctly reasoned that the proffered factual statements did not establish which version—intentional or reckless—of criminal threat Jackson committed. Jackson could have intended his statements to be a threat—supporting an intentional version of the offense—or he could have simply made the statements in the heat of the moment or in anger without intending them to be a threat—supporting a reckless version of the offense. Because there was nothing in the record to support that Jackson's conviction was for the intentional version of criminal threat rather than the reckless version of criminal threat, the district court correctly found that the convictions could not be included in his criminal history score.

A recent case from this court supports the district court's decision. In *State v. Martinez-Guerrero*, No. 123,447, 2022 WL 68543 (Kan. App. 2022) (unpublished opinion), the defendant also challenged the inclusion of prior criminal threat convictions in his criminal history score. Like Jackson, Martinez-Guerrero pled to committing a threat of violence with the intent of causing fear or with reckless disregard of causing fear to the victim. The factual basis for the plea stated that during a confrontation with police, Martinez-Guerrero "'did threaten to shoot [a police officer]. That he said that during this altercation they had with him in reference to him not complying to their orders for him to come forward as they did have a warrant to arrest him.'" 2022 WL 68543, at *1. The district court took the evidence in the light most favorable to the State and determined that beyond a reasonable doubt, Martinez-Guerrero committed intentional criminal threat and thus the conviction could be included in his criminal history score. Martinez-Guerrero appealed.

The panel first noted that the district court correctly used the modified categorical approach to determine which version of criminal threat Martinez-Guerrero committed. The panel then found that the district court applied the wrong standard—using a sufficiency of the evidence standard—instead of the preponderance of the evidence

9

standard, which included no deference to the State. 2022 WL 68543, at *3. The panel then applied the preponderance of the evidence standard to the plea information provided to determine whether the State had met its burden. 2022 WL 68543, at *3-4. The panel found that the record before it did not establish whether the threat was intentional or reckless. 2022 WL 68543, at *6. The panel explained that from the factual basis, Martinez-Guerrero could have either made the comment in the heat of the moment or in anger over what he believed to be an unlawful arrest, or he could have intentionally threatened the officer. 2022 WL 68543, at *6. Thus, the panel held that because it could not affirmatively find that the Martinez-Guerrero's prior criminal threat conviction was for intentional conduct, rather than reckless conduct, the prior conviction could not be included in his criminal history score. 2022 WL 68543, at *6.

Jackson's case is nearly identical to *Martinez-Guerrero*. Jackson, as discussed above, pled no contest to both versions of the offense and the factual basis proffered at the plea hearing, and the other documents provided by the State for the sentencing court to consider in its modified categorical approach, did not establish which version of the offense he committed. Based on the record before it, the district court correctly found that the State had not established that Jackson's prior convictions were for the intentional version of criminal threat. Thus, the district court did not err in excluding Jackson's two prior criminal threat convictions from his criminal history.

As a final observation on the criminal threat convictions, the amended PSI report still counted the criminal threat convictions as nonperson offenses when they should not have been not counted at all. But their inclusion as nonperson felonies did not affect Jackson's criminal history score because the Missouri conviction, as explained below, was properly considered a nonperson felony, which would mean his criminal history score was properly calculated as C based on that conviction and Jackson's 2015 Kansas aggravated battery conviction. See K.S.A. 2018 Supp. 21-6804(a) (stating a criminal history score of C requires 1 person and 1 nonperson felony).

*Did the district court err in scoring Jackson's Missouri sodomy conviction as a nonperson felony?*

The State next claims the district court erred by classifying Jackson's prior Missouri sodomy conviction as a nonperson felony. The KSGA enumerates how an out-of-state conviction should be scored. See generally K.S.A. 2020 Supp. 21-6811. We note that the Legislature substantially amended K.S.A. 21-6811, effective May 23, 2019, changing the analysis for classifying a defendant's out-of-state conviction as a person or nonperson crime. See K.S.A. 2019 Supp. 21-6811(e). The district court sentenced Jackson in July 2021. But the district court did not apply the 2019 amendment in sentencing Jackson, instead citing the version of K.S.A. 2018 Supp. 21-6811 in effect on September 22, 2018, the date Jackson committed his crimes of conviction. The district court correctly applied the classification statutes in effect on the date Jackson committed his crimes. See *State v. McLinn*, 307 Kan. 307, 337, 409 P.3d 1 (2018) ("'[T]he fundamental rule for sentencing is that the person convicted of a crime is sentenced in accordance with the sentencing provisions in effect at the time the crime was committed.'").

K.S.A. 2018 Supp. 21-6811(e)(3) states:

"The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson, *comparable offenses* under the Kansas criminal code in effect on the date the current crime of conviction was committed shall be referred to. If the state of Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state crime shall be classified as a nonperson crime."

The 2018 version of the statute focused on comparable offenses for the court to decide whether an out-of-state crime should be classified as person or nonperson. The Kansas Supreme Court interpreted the term "comparable offense" to require that "the

11

elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." *Wetrich*, 307 Kan. at 562. Both Jackson and the State agree the *Wetrich* comparable offense test governs this issue. The State argues on appeal that the district court erred in finding that the Missouri crime of sodomy was not comparable to the Kansas crimes of aggravated criminal sodomy, rape, or aggravated indecent liberties with a child.

The PSI report showed Jackson committed statutory sodomy in the first degree in Missouri in 2002. The Missouri crime of statutory sodomy in the first degree occurs when a person "has deviate sexual intercourse with another person who is less than fourteen years old." Mo. Rev. Stat. § 566.062(1) (2001). "'Deviate sexual intercourse'" is:

> "any act involving the genitals of one person and the hand, mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person." Mo. Rev. Stat. § 566.010(1) (2001).

The Missouri Supreme Court has explained that under the definition of deviate sexual intercourse:

> "[T]here are two types of acts: (1) any act involving the genitals of one person and the hand, mouth, tongue or anus of another person (which might be labeled 'contact sodomy') and (2) a sexual act involving the penetration of the sex organ or anus by a finger, instrument or object (which might be labeled 'penetration sodomy'). All of these acts require the same mens rea—that they were 'done for the purpose of arousing or gratifying the sexual desire of any person.'" *Soto v. State*, 226 S.W.3d 164, 166 (Mo. 2007).

Thus, sodomy in the first degree in Missouri is divisible statute—a statute the comprises multiple, alternative version of the crime, see *Obregon*, 309 Kan. at 1274. The

12

elements of "contact sodomy" require that (1) the defendant engage in any act involving the genitals of one person and the hand, mouth, tongue, or anus of another person, (2) with the purpose of arousing or gratifying the sexual desire of any person, and (3) did so with another person who is less than 14 years old. *Soto*, 226 S.W.3d at 166. "Penetration sodomy" requires that (1) the defendant engage in a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object, (2) with the purpose of arousing or gratifying the sexual desire of any person, and (3) did so with another person who is less than 14 years old. *Soto*, 226 S.W.3d at 166.

Neither the district court nor the parties recognized that the Missouri statute is divisible. When a statute is divisible, it is usually important to know which version of the offense the defendant committed to complete the elemental comparison required by *Wetrich*. But as we will explain below, both versions of the Missouri offense are broader than the Kansas crimes advanced by the State. As a result, the fact that the parties and the district court failed to recognize that the Missouri statute is divisible and which version of the statute Jackson violated is harmless.

The district court did not err in determining that the Missouri offense was broader than the comparable crimes advanced by the State. Aggravated criminal sodomy in Kansas is "[s]odomy with a child who is under 14 years of age." K.S.A. 2020 Supp. 21-5504(b)(1). Kansas defines sodomy as "oral contact or oral penetration of the female genitalia or oral contact of the male genitalia; anal penetration, however slight, of a male or female by any body part or object; or oral or anal copulation or sexual intercourse between a person and an animal." K.S.A. 2020 Supp. 21-5501(b). The Missouri crime of sodomy, when the act stems from contact sodomy, is broader than the Kansas crime of aggravated criminal sodomy because Missouri contact sodomy criminalizes contact of the genitals by a hand while Kansas requires oral contact of the genitals. Likewise, the Missouri crime under the penetration version of the statute is broader than the Kansas

crime of aggravated criminal sodomy because it includes penetration of the male or female sex organ while the Kansas crime only covers anal penetration.

Similarly, the Missouri crime of sodomy is not comparable to the Kansas crime of rape. The relevant version of rape in Kansas is defined as "sexual intercourse with a child who is under 14 years of age." K.S.A. 2020 Supp. 21-5503(a)(3). Sexual intercourse is then defined as "any penetration of the female sex organ by a finger, the male sex organ or any object. Any penetration, however slight, is sufficient to constitute sexual intercourse." K.S.A. 2020 Supp. 21-5501(a). The contact version of the Missouri crime of sodomy is broader as it requires no penetration, mere contact suffices. The penetration version of the Missouri crime is also broader because it criminalizes anal penetration, an act not mentioned by the Kansas crime of rape.

Finally, the Kansas crime of aggravated indecent liberties with a child is the "lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender, or both" with a child under 14 years old. See K.S.A. 2020 Supp. 21-5506(b)(3)(A). As the State concedes, the Missouri crime of sodomy is broader than the Kansas crime of aggravated indecent liberties with a child because Missouri requires the action—the contact or the penetration—be done with the purpose of arousing or gratifying the sexual desire of any person while Kansas requires the intent to arouse or satisfy the sexual desires of either the child, defendant, or both. Thus, the district court did not err in finding that Jackson's Missouri sodomy conviction was not comparable to the Kansas crime of aggravated indecent liberties with a child.

The State advances one final argument, based in policy, pointing out the "disparity in the application of the identical or narrower rule" and asserting that the test requires a "hyper-technical comparison of the words" which was not the Legislature's intent. The State is correct that there seems to be a logical disconnect in the idea that sexual offenses

14

against a child could be a nonperson crime. The Kansas Legislature enacted the 2019 amendments to K.S.A. 21-6811(e) to overrule *Wetrich* and avoid the absurd results that sometimes followed from applying the comparable offense analysis in that decision. But as the parties agree, the *Wetrich* comparable offense test governs Jackson's case, and this court is bound to apply *Wetrich* to Jackson's case despite any logical disconnect or policy argument. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017) (holding that court of appeals is duty bound to follow Kansas Supreme Court precedent absent some indication that the court is departing from its earlier position).

In sum, the district court did not err in finding that Jackson's two Kansas criminal threat convictions could not be counted in his criminal history because the State failed to prove by a preponderance of the evidence that Jackson was convicted of the intentional version of the crime. The district court also correctly found that the Missouri crime of statutory sodomy in the first degree was not comparable to the Kansas crimes of aggravated criminal sodomy, rape, or aggravated indecent liberties with a child because the elements of the Missouri crime were broader than the comparable Kansas crimes. Thus, the district court properly sentenced Jackson with a criminal history score of C.

Affirmed.