

# Missouri Court of Appeals
## Southern District

### In Division

| | | |
|---|---|---|
| JOSHUA RAINEY, | ) | |
| | ) | |
| Movant-Appellant, | ) | |
| | ) | |
| v. | ) | No. SD38260 |
| | ) | |
| | ) | Filed: **September 13, 2024** |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent-Respondent. | ) | |

APPEAL FROM THE CIRCUIT COURT OF CHRISTIAN COUNTY

Honorable Jessica L. Kruse, Judge

**AFFIRMED**

Joshua Rainey ("Rainey") pled guilty to first-degree domestic assault under §565.072, second-degree domestic assault under §565.073, armed criminal action under §571.015, and first-degree burglary under §569.160.[1] Rainey subsequently filed a Rule 24.035[2] motion, asserting that his Plea Counsel was ineffective in (1) failing to adequately inform Rainey of his right to plead not guilty by reason of mental disease or defect ("NGRI"), (2) failing to enter a plea of NGRI, and

---

[1] Unless otherwise noted, all statutory references are to RSMo 2016, as amended through December 4, 2018, the date of the alleged burglary and assault.

[2] Unless otherwise noted, all rule references are to the Missouri Supreme Court Rules (2019).

(3) failing to inform the court that a psychiatric report found that Rainey fulfilled the criteria for an NGRI defense.  Finding no error, we affirm.

## Facts and Procedural History

On August 15, 2018, Rainey broke into the home of his ex-girlfriend ("Victim") with a crowbar, threatening to kill her.  Victim's neighbor ("Neighbor") witnessed Rainey strike Victim with the crowbar.  Rainey then handed Neighbor the crowbar and said, "You go ahead and finish her off."  Victim suffered multiple lacerations, a depressed skull fracture, and other serious injuries.  Rainey was charged, as a prior and persistent offender, with first-degree domestic assault, second-degree domestic assault, armed criminal action and first-degree burglary.

Plea Counsel requested a psychiatric evaluation to determine whether Rainey suffered from a mental illness and whether he was competent to proceed to trial.  Rainey was diagnosed with Schizoaffective disorder, and the evaluation found that Rainey "fulfilled the criteria for not guilty by reason of mental disease or defect."  Based on this finding, Plea Counsel considered pursuing a defense of NGRI.  However, after determining that the "horrific" "911 call, [Victim's] injuries, [and] the statement from [Neighbor] would cause obstacles" for an NGRI defense, and after discussing the case with his supervisor and Rainey, Plea Counsel pursued a diminished capacity defense.

Rainey elected to plead guilty to all counts.  During the plea hearing, Plea Counsel informed the trial court that the psychiatric evaluation found Rainey competent to proceed.  Plea Counsel stated that he was "very confident that [Rainey] knows what he's doing today."

The trial judge inquired into Rainey's mental state.  Rainey disclosed that he suffered from schizophrenia; however, Rainey stated that his mind was clear; that he was able to make decisions; and that his medications did not impair his understanding of the proceedings.  Rainey stated that

2

he was satisfied with Plea Counsel's representation and that Plea Counsel explained "any and all possible defenses [that he] might have in this case." When asked by the trial judge whether Plea Counsel did anything that Rainey told him not to do, Rainey responded, "No." When asked by the trial judge whether he understood that, by pleading guilty, he would give up his right to appeal his conviction, Rainey answered, "Yes, I do."

The trial court accepted Rainey's guilty plea on all counts, and Rainey was sentenced, pursuant to a plea agreement, to twenty-two years in prison.

On February 13, 2020, Rainey filed a *pro se* motion for post-conviction relief. On February 21, 2021, appointed counsel filed an amended motion for post-conviction relief.[3] On March 29, 2023, the motion court held an evidentiary hearing.

During the evidentiary hearing, Rainey testified that Plea Counsel failed to inform him that the psychiatric report found that he suffered from a mental disease or defect at the time of the assault. Rainey stated that he did not understand the difference between a diminished capacity and an NGRI defense, and that Plea Counsel did not inform him about waiving the NGRI defense. Further, Rainey said that had he known about the NGRI defense he would not have pled guilty.

Plea Counsel testified that he discussed the psychiatric evaluation and an NGRI defense both with Rainey and Rainey's family. Plea Counsel stated that it was "clear to me that [Rainey] understood [the NGRI defense]" and that "we had always talked about the NGRI." Plea Counsel

---

[3] Rainey was sentenced on November 14, 2019. Rainey filed his *pro se* motion for post-conviction relief on February 13, 2020. On September 28, 2020, the circuit court discovered that it had improperly processed Rainey's motion. Upon discovery of the error, the circuit court clerk processed the motion. Post-Conviction counsel was appointed on September 28, 2020. On December 18, 2020, counsel was granted a thirty-day extension to file an amended motion. Rainey filed his amended motion for post-conviction relief on February 19, 2021. At the evidentiary hearing, the motion court granted Rainey's request for an additional extension of time to file the amended motion, and made an alternative finding that in the event an extension wasn't permitted, counsel had abandoned Rainey and the late filing would be permitted.

3

testified that he disclosed Rainey's mental illness to the trial court, and that he advised that Rainey was competent to proceed.

The motion court denied Rainey's Rule 24.035 motion, finding that Plea Counsel acted reasonably and that Rainey's plea was knowing, voluntary, and intelligent. This appeal followed.

**Standard of Review**

Our review of the denial of a post-conviction motion under Rule 24.035 is limited to whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Chrisman v. State*, 288 S.W.3d 812, 820 (Mo. App. S.D. 2009). "The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression a mistake has been made." *Conley v. State*, 301 S.W.3d 84, 87 (Mo. App. S.D. 2010) (quoting *Soto v. State*, 226 S.W.3d 164, 166 (Mo. banc 2007)). The movant has the burden to show, by a preponderance of the evidence, that the motion court clearly erred in its ruling. *Id.*

To prevail on a claim of ineffective assistance of counsel, a movant must show (1) counsel's representation fell below an objective standard of reasonableness and (2) that, as a result, movant was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 674 (1984). Where the movant has entered a guilty plea, "prejudice" requires the movant to show that, but for his counsel's alleged unreasonable conduct, there is a reasonable probability he would not have pled guilty and would have proceeded to trial. *Cupp v. State*, 935 S.W.2d 367, 368 (Mo. App. S.D. 1996). A movant's claim of ineffective assistance of counsel must fail if either the performance or the prejudice prong cannot be met. *Patrick v. State*, 160 S.W.3d 452, 455 (Mo. App. S.D. 2005).

Determinations concerning credibility are exclusively for the motion court and it is free to believe or disbelieve any evidence, whether contradicted or undisputed. *Mendez v. State*, 180

S.W.3d 75, 80 (Mo. App. S.D. 2005). On appeal, we defer to the credibility determinations made by the motion court. *Id.*

**Analysis**

I.     *Plea Counsel's Alleged Failure to Adequately Inform Rainey of his Right to Plead NGRI*

In Point I, Rainey argues that the motion court clearly erred in denying his Rule 24.035 motion because Plea Counsel failed to adequately inform him of his right to plead NGRI, rendering his guilty plea unknowing and involuntary. Rainey contends that, had it not been for Plea Counsel's failure to adequately inform him of his right to plead NGRI, he would have chosen to proceed to trial.

"It is the duty of counsel to advise a client of the possible consequences of trial so that the client may make an informed decision as to whether to accept or to reject a plea agreement." ***Grace v. State***, 313 S.W.3d 230 (Mo. App. E.D. 2010). Counsel's failure to inform a defendant of possible defenses may render a guilty plea unknowing and involuntary. ***Wiggins v. State***, 480 S.W.3d 379, 383 (Mo. App. E.D. 2015).

Viewing the evidence with deference to the motion court, we find no clear error. During the plea, Rainey acknowledged that Plea Counsel discussed "any and all defenses" with him. Plea Counsel testified that he discussed the NGRI defense with Rainey and his family, that it was "clear to me that [Rainey] understood [the NGRI defense]," and that "we had always talked about the NGRI." As the motion court was free to disbelieve Rainey's testimony at the motion hearing, Rainey's Point I is denied.

5

*II.    Plea Counsel's Failure to Enter a Plea of NGRI*

In Point II, Rainey argues that the motion court clearly erred in denying his Rule 24.035 motion because Plea Counsel failed to enter a plea of NGRI, rendering his guilty plea unknowing and involuntary.  Rainey contends that, had it not been for Plea Counsel's failure to enter a plea of NGRI, he would have chosen to proceed to trial.

Rainey again ignores the factual findings made by the motion court.  Essentially, Rainey argues that despite the fact that Plea Counsel advised him of the potential NGRI defense and that Rainey, knowing of such defense, made the decision to plead guilty, Plea Counsel should have ignored Rainey's wishes and asserted an NGRI defense anyway.  We need not analyze whether Rainey's assertion would have required Plea Counsel to violate Rule 4-1.2, as Rainey's argument is not cognizable in a proceeding under Rule 24.035.[4]

A guilty plea waives all claims of ineffective assistance of counsel that do not involve the voluntariness and understanding of the plea.  ***Shepard v. State***, 658 S.W.3d 70, 77 (Mo. App. E.D. 2022) (citing ***Meadors v. State***, 571 S.W.3d 207, 211 (Mo. App. E.D. 2019)).  In ***Shepard***, the defendant argued that his counsel failed to investigate and assert a defense under the Good Samaritan Law.  The court held that by pleading guilty, the defendant waived his right to assert any defense as counsel's failure to assert the defense did not pertain to whether the defendant's plea was knowing or voluntary.  ***Id.*** at 78.  The court reasoned that simply asserting counsel's failure to present a defense overlooks the "myriad [of] other considerations that counsel must make in advising a client to plead guilty." ***Id.*** at 79.  The court noted that the defendant's claim was

---

[4]    A lawyer shall abide by a client's decisions concerning the objectives of representation, subject to Rule 4-1.2(c), (f) and (g), and shall consult with the client as to the means by which they are to be pursued . . . In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.

Rule 4-1.2(a).

6

contradicted by the record, which showed that he had acknowledged at the plea hearing that his counsel discussed the defense with him and that he understood the consequences of his guilty plea. *Id*. at 80.

Here, Plea Counsel's failure to enter a plea of NGRI does not pertain to whether Rainey's guilty plea was made knowingly or voluntarily. Like the defendant in *Shepard*, Rainey's claim is contradicted by the record of the plea hearing, in which Rainey acknowledged that Plea Counsel discussed "any and all defenses" with him, and that he understood the consequences of his plea, including the waiver of his right to appeal. Contrary to Rainey's assertion, we find nothing in §552.015 that required Plea Counsel to enter a plea of NGRI.[5] Rainey's Point II is denied.

III.    *Plea Counsel's Failure to Disclose to the Court that the Psychiatric Report Supported an NGRI defense*

In Point III, Rainey argues that the motion court clearly erred in denying his Rule 24.035 motion because Plea Counsel failed to inform the court that the psychiatric report found that Rainey fulfilled the criteria for a defense of NGRI, rendering his guilty plea unknowing and involuntary. Rainey contends that, had it not been for Plea Counsel's failure to inform the court, he would have chosen to proceed to trial.

There is no requirement, however, that counsel must disclose any potential affirmative defense to the plea court. (*See* Rule 24.02, §552.030 and §552.020). Rainey's reliance on *Short v. State*, 771 S.W.2d 859, 864 (Mo. App. E.D. 1989), does not change this analysis. In *Short*, the defendant argued that his counsel should not have permitted him to plead guilty because a prior

---

5 "[Section 552.015] merely prescribes when evidence of a defendant's mental disease or defect is admissible in a criminal prosecution." *Caruthers v. Wexler-Horn*, 592 S.W.3d 328, 331 (Mo. banc 2019).

psychiatric report indicated that he had a mental disease or defect. ***Id.*** The court held that the trial court's adequate inquiry into the defendant's competency to proceed demonstrated that his plea was voluntary, intelligent, and knowing. ***Id.*** at 865. Here, the trial court was aware of Rainey's diagnosis, adequately inquired into his competency at the plea hearing, and accepted the plea after Rainey insisted that he was aware of "any and all possible defenses" and wished to plead guilty. The motion court's findings were not clearly erroneous. Rainey's Point III is denied.

## CONCLUSION

The Judgment of the trial court is affirmed.


MATTHEW P. HAMNER, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

DON E. BURRELL, J. – CONCURS

8